**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

**LESTER BLOUNT,**
6025 Wedgewood Village Circle
Lake Worth, Florida 33463

***Plaintiff*,**

**v.**

**CONSTELLIS, LLC,**
13530 Dulles Technology Dr, Ste 500
Herndon, VA, 20171

***Defendant.***

**Case No. 1:25-cv-3383**
Removed from the D.C. Superior Court
(Civil Action No. 2025-CAB-005267)

**DEFENDANT CONSTELLIS, LLC'S NOTICE OF REMOVAL**

Defendant Constellis, LLC, pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, removes this action from the Superior Court of the District of Columbia to the United States District Court for the District of Columbia. Removal is appropriate based on federal question jurisdiction because Plaintiff purports to assert claim for race discrimination under 42 U.S.C. § 1981. In support of this Notice of Removal and this Court's jurisdiction, Constellis states as follows:

## I. PLEADINGS IN STATE COURT AND NATURE OF THE ACTION

1. On August 8, 2025, Plaintiff Lester Blount filed a Complaint against Constellis in the Superior Court of the District of Columbia in the above-captioned matter.

2. The Complaint asserted one cause of action against Constellis: race discrimination in violation of 42 U.S.C. § 1981. It named no other defendants.

3. True and correct copies of the Complaint and other documents filed in the Superior Court of the District of Columbia are collectively attached as **Exhibit 1**.

## II. TIMELINESS OF REMOVAL

4. Under 28 U.S.C. § 1446(b)(3), a notice of removal "may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

5. The removal of this action is timely because Constellis was served the Complaint on September 5, 2025. Constellis therefore files this Notice of Removal within 30 days of service of the Complaint.

## III. REMOVAL JURISDICTION

6. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331, which provides that the "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

7. Plaintiff's Complaint alleges race discrimination in violation of 42 U.S.C. § 1981. *See* Compl. at 1.

8. Thus, this "Court has federal-question jurisdiction over [plaintiff's] claims under . . . 42 U.S.C. § 1981." *See Moini v. LeBlanc*, 456 F. Supp. 3d 34, 40 n.2 (D.D.C. 2020) (citing 28 U.S.C. § 1331).

## IV. VENUE

9. For purposes of removal, the United States District Court for the District of Columbia is the proper venue because it is the federal district court that embraces the Superior

Court for the District of Columbia, the forum in which Plaintiff filed the original action. *See* 28 U.S.C. §§ 88, 1441(a), 1446(a).[1]

## V. NOTICE

10. Constellis is filing a copy of this Notice of Removal with the Superior Court of the District of Columbia as required by 28 U.S.C. § 1446(d). A true and correct copy of the Notice of Filing Constellis's Notice of Removal is attached hereto as **Exhibit 2**.

11. Pursuant to 28 U.S.C. § 1446(d), Constellis is also serving a copy of its Notice of Removal upon Plaintiff.

## VI. MISCELLANEOUS

12. This action has not previously been removed to federal court.

13. Constellis has not filed a responsive pleading to the Complaint in the D.C. Superior Court.

14. No statement or omission in this notice shall be deemed an admission of any allegations or damages sought in the Complaint.

15. By filing this Notice of Removal, Constellis does not waive any defenses, whether procedural or substantive, that may be available to it, including, but not limited to, any defenses available under Federal Rule of Civil Procedure 12(b).

16. Constellis expressly reserves and does not waive its right to amend this Notice of Removal or its right to offer evidence supporting the Court's jurisdiction over this action.

[1] By removing to this Court, Constellis does not concede that the United States District Court for the District of Columbia has personal jurisdiction over Constellis or that venue is proper under 28 U.S.C. § 1391.

## VII. CONCLUSION

WHEREFORE, Constellis removes this action to the United States District Court for the District of Columbia, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446.

Dated: September 24, 2025

Respectfully submitted,

*/s/Richard J. Batzler*

Richard J. Batzler (D.C. Bar No. 90011085)
rbatzler@mcguirewoods.com
**McGuireWoods LLP**
1750 Tysons Blvd, Ste 1800
Tysons, VA 22102
Tel: (703) 712-5000

Igor M. Babichenko
(*pro hac vice* forthcoming)
ibabichenko@mcguirewoods.com
Daniel P. Peyton
(*pro hac vice* forthcoming)
dppeyton@mcguirewoods.com
**McGuireWoods LLP**
Gateway Plaza
800 East Canal Street
Richmond, VA 23219
Tel: (804) 775-1000
Fax: (804) 775-1061

***Counsel for Defendant Constellis, LLC***

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 24, 2025, a copy of the foregoing was electronically filed with the Court and served via CM/ECF Notice of Electronic Filing and first-class mail, postage prepaid, on all counsel and parties of record.

David A. Branch
Law Offices of David A. Branch & Associates, PLLC
1120 Connecticut Avenue, N.W., Suite 500
Washington, DC 20036

*/s/Richard J. Batzler*
Richard J. Batzler