**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **LESTER BLOUNT,**<br><br>***Plaintiff,***<br><br>**v.**<br><br>**CONSTELLIS, LLC,**<br><br>***Defendant.*** | **Case No. 1:25-cv-3383** |

**DEFENDANT CONSTELLIS, LLC'S STATEMENT OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS**

Defendant Constellis, LLC ("Constellis"), by counsel and pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(3), and 12(b)(6), submits this Statement of Points and Authorities in Support of Defendant's Motion to Dismiss the Complaint filed by Plaintiff Lester Blount ("Plaintiff").

## I. INTRODUCTION

Plaintiff's Complaint fails at the pleading stage for three fundamental reasons. *First*, this Court lacks personal jurisdiction over Constellis because Constellis does not have sufficient minimum contacts with the District of Columbia ("D.C.") and none of the events giving rise to Plaintiff's sole claim arose or otherwise took place within D.C. *Second*, for similar reasons, D.C. is not an appropriate venue for this lawsuit. Constellis is not a resident of D.C., and the events giving rise to Plaintiff's claim did not occur there. *Third*, Plaintiff fails to state a claim against Constellis. His allegations of race discrimination in violation of 42 U.S.C. § 1981 are fatally conclusory. He does no more than invoke his race in the course of the claim's narrative, which is insufficient to state a claim. As a result, the Court should dismiss the Complaint under Rules 12(b)(2), 12(b)(3), and 12(b)(6) with prejudice.

## II. RELEVANT COMPLAINT ALLEGATIONS[1]

Plaintiff alleges he worked for Constellis as a background investigations contractor beginning in 2020. Compl., ¶ 5. According to Plaintiff, during the time relevant to his claim, he lived in Maryland, and Constellis assigned him investigations to complete in D.C. *Id.* ¶¶ 3, 6. Plaintiff's specific allegations about his assignments, however, all concern Florida: he applied for work in Boca Raton; received an offer for an assignment in Homestead; and sought a job in Miami. *Id.* ¶¶ 7, 9, 32. At the time of filing the Complaint, Plaintiff claimed Florida residency. *Id.* ¶ 3.

Plaintiff alleges that Constellis assigned him investigations in a racially discriminatory manner. *Id*. ¶¶ 7-9. Plaintiff, who is African American, sought, but was denied in favor of "another investigator[,]" work in "areas considered the affluent white suburbs," including Boca Raton. *Id.* ¶¶ 3, 7. Instead, Constellis allegedly offered Plaintiff "less desirable" work in neighborhoods such as Homestead, "perceived as undesirable or high crime due to their predominantly Black populations" where Plaintiff's "white counterparts" refused to work. *Id.* ¶ 9. Plaintiff claims Constellis offered him work on only one contract, despite being cleared and qualified to work on multiple contracts, while his "white counterparts" had opportunities to work on multiple contracts. *Id.* ¶¶ 10-11.

According to Plaintiff, Constellis stopped assigning his work in 2023 despite his alleged expectation of additional assignments. *Id.* ¶¶ 20-22. Plaintiff claims Constellis informed him it reduced his workload because he had stopped accepting assignments. *Id.* ¶ 23. He alleges that was false. *Id.* Plaintiff avers that Constellis continued to assign work to "white investigators with comparable or lesser qualifications." *Id.* ¶ 24. Plaintiff also avers that, in September 2023, Constellis ran a credit check on him without his knowledge or permission, denying him the opportunity to

[1] Constellis assumes as true the allegations in the Complaint solely for presenting this Motion under Federal Rule of Civil Procedure 12(b). *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

explain a recent bankruptcy. *Id.* ¶ 26.[2] In August 2025, Constellis allegedly rejected Plaintiff's application for a position in Miami. *Id.* ¶ 32.

## III. ARGUMENT

### A. The Court Lacks Personal Jurisdiction over Constellis.

This Court lacks personal jurisdiction over Constellis because Constellis is not a resident of D.C., the District's long-arm statute does not reach Constellis, and the assertion of jurisdiction would not satisfy the constitutional requirements of due process.

Plaintiff bears the burden to make a *prima facie* case establishing personal jurisdiction. *See First Chicago Int'l v. United Exch. Co.*, 836 F.2d 1375, 1378-79 (D.C. Cir. 1988). His allegations must establish that Constellis has sufficient contacts with D.C. for either general or specific jurisdiction, and that exercising jurisdiction would be consistent with due process. *See Erwin-Simpson v. AirAsia Berhad*, 985 F.3d 883, 888–89 (D.C. Cir. 2021). To do so, "Plaintiff must allege specific facts on which personal jurisdiction can be based . . . [and] cannot rely on conclusory allegations." *Moore v. Motz*, 437 F. Supp. 2d 88, 91 (D.D.C. 2006). Plaintiff has not met—and in fact cannot meet—this burden. Accordingly, the Complaint must be dismissed under Rule 12(b)(2).

#### 1. The Court Cannot Exercise General Personal Jurisdiction over Constellis.

"A District of Columbia court may exercise personal jurisdiction over a person domiciled in, organized under the laws of, or maintaining his or its principal place of business in, D.C. as to any claim for relief." D.C. Code § 13-422.[3] Plaintiff's bare allegation that Constellis "may be found" in

---

[2] Though Plaintiff's Complaint includes only one cause of action for race discrimination, it is permeated with irrelevant references to Plaintiff's alleged disability that the Court should disregard. *See id.* ¶¶ 13-19, 26-31.

[3] Because Constellis was not served in D.C. and does not transact business there (Bolen Decl. ¶¶ 2, 4), the second D.C. statute courts have interpreted to supply general jurisdiction does not apply. *See Erwin-Simpson v. AirAsia Berhad*, 985 F.3d 883, 889 (D.C. Cir. 2021) ("To establish jurisdiction

D.C. is not enough. *See* Compl. ¶ 2. Indeed, the allegation is incorrect. Constellis is a foreign limited liability company formed under the laws of Delaware that maintains its headquarters in Herndon, Virginia. *See* Declaration of John Bolen ("Bolen Decl.") ¶ 2, attached as **Exhibit 1**.[4] Because Constellis is not "organized under the laws of" and does not "maintain[] his or its principal place of business in" D.C., it is not subject to the general jurisdiction of this Court under D.C. Code section 13-422. *See also Alkanani v. Aegis Def. Servs., LLC*, 976 F. Supp. 2d 13, 29 (D.D.C. 2014) (to establish general personal jurisdiction, a plaintiff must demonstrate that "the defendant's contacts and affiliations with the forum must be so extensive, so constant, and so prevalent that they render the defendant 'essentially at home' in the forum") (citing *Daimler AG v. Bauman*, 134 S. Ct. 746, 757-58 (2014)).

**2. D.C.'s Long-Arm Statute Does Not Extend Specific Personal Jurisdiction Over Constellis.**

Where general personal jurisdiction does not apply, the D.C. Circuit has set forth a two-prong inquiry to determine whether specific personal jurisdiction exists. First, a court must "examine whether jurisdiction is applicable under the state's long-arm statute," and second, it must "determine whether a finding of jurisdiction satisfies the constitutional requirements of due process." *GTE New Media Servs. v. BellSouth Corp.*, 199 F.3d 1343, 1347 (D.C. Cir. 2000) (citation omitted). D.C.'s long-arm statute allows a court in D.C. to exercise specific personal jurisdiction over a non-resident defendant arising from, as relevant here, the defendant's conduct:

> (1) transacting any business in the District of Columbia;
> (2) contracting to supply services in the District of Columbia;

under section 13-334(a), a plaintiff must serve the defendant corporation in the District of Columbia").

[4] This Court "may receive and weigh affidavits and any other relevant matter to assist it in determining the jurisdictional facts." *United States v. Philip Morris, Inc.*, 116 F. Supp. 2d 116, 120 n.4 (D.D.C. 2000) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1351 (1990)).

> (3) causing tortious injury in the District of Columbia by an act or omission in the District of Columbia;
> (4) causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia if he regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia;

D.C. Code § 13-423(a). Section 13-423 makes clear that, where jurisdiction is predicated solely upon the long-arm statute, "only a claim for relief ***arising from*** acts enumerated in this section may be asserted against [a person]." D.C. Code § 13-423(b) (emphasis added).

Plaintiff has failed to allege sufficient facts to support the application of D.C.'s long-arm statute to Constellis. Plaintiff has not alleged that his claims arise from Constellis transacting any business in D.C., contracting to supply services in D.C., or causing tortious injury in D.C. *See* D.C. Code § 13-423(a). Nor could he. Constellis is organized in Delaware, headquartered in Virginia, and not licensed to transact business in D.C. *See* Bolen Decl. ¶¶ 2, 4. It has no offices, property, or other facilities there. *See* Bolen Decl. ¶ 4.[5] Stated simply, Constellis has not "transact[ed] business in" or "contract[ed] to provide services" there. D.C. Code § 13-423(a)(1)-(2).[6]

Constellis likewise could not have caused tortious injury to Plaintiff "in the District of Columbia." *See* D.C. Code § 13-423(a)(3)-(4). Constellis has no presence in D.C. to cause injury

---

[5] Constellis has one employee who works remotely from D.C. for its Herndon, Virginia office. Even so, that work is related to a federal protective services contract and has no connection to Plaintiff or the allegations in the Complaint. Otherwise, Constellis performs no work in D.C. whatsoever. Bolen Decl. ¶ 4.

[6] To the extent Plaintiff relies on his vague allegation that Constellis holds government contracts to establish a connection to D.C. (*see* Compl. ¶ 20), those contacts cannot establish personal jurisdiction. "[I]t is the practice of this Circuit to discount contacts with the federal government when determining whether a non-resident defendant's contacts provide a basis for the exercise of personal jurisdiction in D.C." *See Alkanani v. Aegis Def. Servs., LLC*, 976 F. Supp. 2d 13, 25 (D.D.C. 2014); *see also Brink v. Cont'l Cas. Co.*, 2021 WL 7907065, at *6 (D.D.C. Dec. 27, 2021) (finding "generic allegations" about defendant's "continuous contracting . . . with Department of State" to be exempt as government contact), *report and recommendation adopted*, Order (Jan. 14, 2022), No. 11-cv-01733, ECF No. 246.

there (*see* Bolen Decl. ¶¶ 2, 4), and Plaintiff—a former Maryland and current Florida resident—could not have experienced harm in D.C. (*see* Compl. ¶ 3). *See Exponential Biotherapies, Inc. v. Houthoff Buruma N.V.*, 638 F. Supp. 2d 1, 10 (D.D.C. 2009) (explaining site of injury is "the location of the original events that caused the alleged injury" or where plaintiff resided and suffered financial loss).

Plaintiff's attempt to connect his claim to D.C. consist only of conclusory allegations that Constellis "may be found," and assigned Plaintiff background investigations to complete, in D.C. *See* Compl. ¶¶ 2, 5. Those allegations do not establish personal jurisdiction. Constellis cannot "be found" in D.C. *See* Bolen Decl. ¶¶ 2, 4. Nor did Constellis assign Plaintiff background investigations to complete in D.C. or at all. *See* Bolen Decl. ¶ 8. Constellis is not in the business of conducting background investigations and it did not contract with Plaintiff at any point. *See* Bolen Decl. ¶¶ 3, 5-6.

Even if Constellis assigned Plaintiff investigations in D.C. (which it did not), Plaintiff fails to connect these investigations to his alleged harms. Notably, Plaintiff does not even attempt allege that his claim arises from his work in D.C. *See* D.C. Code § 13-423(b) ("When jurisdiction over a person is based solely upon this section, only a claim for relief arising from acts enumerated in this section may be asserted against him."). Plaintiff asserts that Constellis discriminated against him by: (1) not assigning him favorable work he sought in Boca Raton, Florida; (2) offering him less favorable work in Homestead, Florida; (3) deciding to offer him less opportunities; (4) running a credit check on him; and (5) rejecting his application for work in Miami, Florida. *See* Compl. ¶¶ 7-12, 21-22, 26, 32. These alleged harms bear no relation to D.C. They concern Florida, the location of the complained of work opportunities; Maryland, where Plaintiff alleges he lived at the time; and Virginia, where Constellis's principal place of business is located. Without any nexus between Plaintiff's claims and Constellis' alleged contacts with D.C., the long-arm statute does not provide for specific personal jurisdiction over Constellis. *See, e.g.*, *Exponential Biotherapies*, 638 F. Supp.

2d at 7-10 (finding no specific jurisdiction where defendant did not transact business or cause harm in D.C.)

### 3. Asserting Personal Jurisdiction over Constellis Would Offend "Traditional Notions of Fair Play and Substantial Justice."

Assertion of personal jurisdiction over Constellis also would not satisfy the constitutional requirements of due process. In analyzing this issue, a court must determine whether a defendant has sufficient "minimum contacts" with D.C. such that "the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Kurtz v. United States*, 779 F. Supp. 2d 50, 52 (D.D.C. 2011) (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). A defendant's "minimum contacts" must arise from "some act by which the defendant purposefully avails [himself] of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Asahi Metal Indus. Co. v. Super. Ct. of Cal., Solano Cty.*, 480 U.S. 102, 109 (1987) (quotations omitted). In essence, "the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

As explained above, Constellis does not have any property, offices, or other facilities in D.C.; it is not registered to do business in D.C.; and it does not have and has never had any contracts or projects in D.C. *See* Bolen Decl. ¶ 4. Constellis therefore does not have *any* contacts with D.C., much less the minimum contacts required by constitutional due process. Extending personal jurisdiction over Constellis would offend "traditional notions of fair play and substantial justice" because Constellis would not have anticipated being haled into this Court. *See Kurtz*, 779 F. Supp. 2d at 52.

**B. Venue does not lie in D.C.**

The Court should dismiss the Complaint under Rule 12(b)(3) for improper venue. It is "the plaintiff's obligation to institute the action in a permissible forum, [and] the plaintiff usually bears the burden of establishing that venue is proper." *Freeman v. Fallin*, 254 F. Supp. 2d 52, 56 (D.D.C. 2003). "Whether venue is 'wrong' or 'improper' depends exclusively on whether the court in which the case was brought satisfies the requirements of federal venue laws . . . ." *Fam v. Bank of Am. NA (USA)*, 2017 WL 706151, at *6 (D.D.C. Feb. 22, 2017). Section 1391(b) provides that a "civil action may be brought" in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391. An "entity" is "deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question[.]" *Id.* § 1391(c)(2).

Here, venue is not proper under 28 U.S.C. § 1391 because Constellis does not have contacts with D.C. As addressed above, this Court does not have personal jurisdiction over Constellis. Therefore, venue cannot be proper under § 1391(b)(1) based on residency. Nor is venue proper in D.C. under § 1391(b)(2) because, as discussed above, the alleged events giving rise to Plaintiff's claim did not occur in D.C. *See* Compl. ¶¶ 7-12, 21-22, 26, 32. As to § 1391(b)(3), Plaintiff has made no allegation to suggest he could not have filed suit where Constellis resides or where the events giving rise to his claim occurred.

Plaintiff did not bring this lawsuit in the appropriate venue. This Court often has recognized that dismissal, rather than transfer to a different venue, is appropriate where the complaint "likely [would] face dismissal without prejudice for failure to state a claim." *Roman-Salgado v. Holder*, 730 F. Supp. 2d 126, 131 (D.D.C. 2010); *see also Fam*, 2017 WL 706151, at *9 ("[T]he D.C. Circuit has recognized that dismissal is often appropriate 'when the outcome is foreordained,' . . . or the complaint has serious 'substantive problems[.]'" (citations omitted)). That is precisely the case here. Transfer to a different forum would not serve the interests of justice. *See Fam,* 2017 WL 706151, at *9 ("[C]ourts often 'take a peek at the merits' when deciding" whether transfer is in the interests of justice. (citation omitted)). Instead, dismissal is the appropriate remedy.

**C. Plaintiff Fails to State a Claim upon Which Relief Can Be Granted.**

In addition to the jurisdictional deficiencies in the Complaint, Plaintiff has not pled sufficient facts to state a claim for discrimination in violation of 42 U.S.C. § 1981.

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must allege sufficient "facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). It is not enough for factual allegations to be "merely consistent with" misconduct, or for misconduct to be "conceivable." *Id*. Rather, a complaint must state facts establishing that the defendant's liability is plausible, not merely possible. *See Atherton v. D.C. Off. of Mayor*, 567 F.3d 672, 681 (D.C. Cir. 2009) (citing *Iqbal*, 556 U.S. at 678). And the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Instead, Plaintiff's allegations must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Judged against this standard, Plaintiff's Complaint falls short.

**1. Plaintiff Fails to Allege Facts Supporting a Plausible Discrimination Claim.**

Plaintiff states in conclusory fashion Constellis gave him unfavorable work assignments, reduced and then ceased his workload, and denied his application because he is African American. *See, e.g.*, Compl. ¶ 32. He, however, alleges no *facts* that would establish that Constellis took *any* of these actions against him *because of* his race.

To state a claim for race discrimination under 42 U.S.C. § 1981, a plaintiff without direct evidence must plausibly allege that: "(1) he is a member of a protected class, (2) he suffered an adverse employment action, and (3) the unfavorable action gives rise to an inference of discrimination (that is, an inference that his employer took the action because of his membership in the protected class)." *Brown v. Sessoms*, 774 F.3d 1016, 1022 (D.C. Cir. 2014). The causation standard under § 1981 is onerous even at the pleading stage. Establishing race was as a "motivating factor" for the adverse action is not enough. Rather, "a plaintiff *must initially plead* and ultimately prove that, *but for* race, it would not have suffered the loss of a legally protected right." *Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media*, 589 U.S. 327, 340-41 (2020) (emphasis added).

Without requiring a plaintiff specifically to plead every element of a *prima facie* case (*Brown*, 774 F.3d at 1023), courts still look to those elements to assess whether the factual allegations state a plausible cause of action. *See*, *e.g.*, *Doe #1*, 554 F. Supp. 3d at 102 (granting motion to dismiss). Specifically, a plaintiff must "allege some facts that demonstrate [his] race was the reason for defendant's actions" and cannot, as here, merely "invoke his race in the course of a claim's narrative." *Bray v. RHT, Inc.*, 748 F. Supp. 3, 5 (D.D.C. 1990), *aff'd sub nom. Bray v. Hebble*, 976 F.2d 45 (D.C. Cir. 1992). Yet incidentally mentioning race is all Plaintiff does.

Here, Plaintiff's *only* alleged connection between his race and injuries are conclusory statements that his "white counterparts" did not experience the same treatment. *See, e.g.*, Compl. ¶¶

7-11.[7] "A plaintiff can raise an inference of discrimination by showing that []he was treated differently from similarly situated employees who are not part of the protected class." *Brown*, 774 F.3d at 1022 (citation omitted). "But a plaintiff's assertion that that [he] is similarly situated to others is just a legal conclusion—and a legal conclusion is never enough to state a claim." *Doe #1*, 554 F. Supp. 3d at 103.

Plaintiff's "comparator" allegations are lacking. He does not identify even who his alleged comparators are or provide any factual details about them. Instead, he merely refers to them as "counterparts." That is not enough. *Said v. Nat'l R.R. Passenger Corp.*, 317 F. Supp. 3d 304, 334 (D.D.C. 2018) ("Without even the identification of an alleged comparator, the Court cannot determine that the plaintiff's employment situation was nearly identical to any other employee's."), *amended on reconsideration,* 390 F. Supp. 3d 46 (D.D.C. 2019), *aff'd,* 815 F. App'x 561 (D.C. Cir. 2020), and *aff'd,* 815 F. App'x 561 (D.C. Cir. 2020) (rejecting plaintiff's disparate treatment claim where he failed to identify a comparator).

As this Court held when faced with substantively identical allegations, even assuming "counterpart" means the purported comparator "hold[s] the same job title," that term is "*fatally nonspecific*." *Doe #1*, 554 F. Supp. 3d at 103 (emphasis added); *see also Childs-Pierce v. Util. Workers Union of Am.*, 383 F. Supp. 2d 60, 70 (D.D.C. 2005), *aff'd,* 187 F. App'x 1 (D.C. Cir. 2006)

---

[7] Plaintiff alleges Constellis offered him undesirable work his "white counterparts" refused and incidentally mentions race in describing those assignments. *See* Compl. ¶ 9. He explains that the work was undesirable because it was in a "high crime area," which was "perceived as . . . predominantly Black" when he would have rather worked in an "affluent" suburb, which is "considered . . . white." *See id.* ¶¶ 7, 9. Plaintiff does not, however, allege that *but for* his race, Constellis would have assigned him work in affluent suburbs or not assigned work in high crime areas. *See Comcast Corp.*, 589 U.S. at 340-41; *Mohamed v. George Washington Univ.*, 2022 WL 3211806, at *4 (D.D.C. Aug. 9, 2022), *aff'd*, 2024 WL 2239015 (D.C. Cir. May 16, 2024) ("The modern standard requires [plaintiff] to affirmatively plead facts suggesting his race was the but-for cause of his termination."). At bottom though, these allegations fail because his "white counterparts" are not valid comparators by which he can raise an inference of discrimination.

("In order to show that she was similarly situated to a fellow employee, plaintiff must "demonstrate that all of the relevant aspects of their employment situation are nearly identical" including specifically that the co-workers "must have dealt with the same supervisor, [and] have been subject to the same standards . . . without such differentiating or mitigating circumstances . . . .").[8]

Plaintiff's passing mention that his white "counterparts" had "comparable or lesser qualifications" (Compl. ¶ 24) is likewise fatally conclusory. *See Doe #1*, 554 F. Supp. 3d at 103 (holding plaintiff's allegation that he had worked "longer" than alleged comparator was insufficient where plaintiff did not specify how much longer). Plaintiff has alleged no facts for the Court to analyze the qualifications gap, or even whether the qualifications are relevant. As is well established in this Circuit, "[i]n order to justify an inference of discrimination, the qualifications gap must be great enough to be inherently indicative of discrimination." *Jackson v. Gonzales*, 496 F.3d 703, 707 (D.C. Cir. 2007).

Plaintiff does not plead a single race-based comment, action, or other fact connecting his race to any adverse employment action he allegedly suffered. *Cf. Bilal v. Metro. Police Dep't,* 2025 WL 1917959, at *3-4 (D.D.C. July 11, 2025) (noting "racially insensitive remarks" can provide direct or indirect evidence of discrimination when linked to adverse action). Instead, he relies exclusively on his conclusory "counterpart" allegations to state his claim. These conclusory allegations devoid of factual support fail to raise an inference of discrimination—much less establish his race was the but-

---

[8] For example, Plaintiff has not alleged the supposed "counterparts" shared the same supervisors, worked in the same region, made themselves equally available geographically or in terms of working hours, or had any comparable credentials, such as clearances or experience, which often inform work assignments. *See id.* (granting motion to dismiss where plaintiff did not allege she worked in the same district, same hours, or had comparable credentials as comparator); *see also SS & T, LLC v. Am. Univ.*, 2020 WL 1170288, at *5 (D.D.C. Mar. 11, 2020) (dismissing disparate treatment claim where plaintiff "d[id] not explain how [other] businesses were similarly situated yet treated differently").

for cause of any allegedly discriminatory treatment. *See Comcast Corp.*, 589 U.S. at 340-41. Ultimately, Plaintiff has done no more than "invoke his race in the course of a claim's narrative," and accordingly fails to plausibly allege his claim for relief. *See Bray*, 748 F. Supp. at 5.

## IV. CONCLUSION

Because the Court lacks personal jurisdiction over Constellis, venue is improper, and Plaintiff fails to state a claim, the Court should dismiss the Complaint in its entirety with prejudice.

Dated: September 24, 2025

Respectfully submitted,

By: */s/ Richard J. Batzler*

Richard J. Batzler (D.C. Bar No. 90011085)
rbatzler@mcguirewoods.com
**McGuireWoods LLP**
1750 Tysons Blvd, Ste 1800
Tysons, VA 22102
Tel: (703) 712-5000
Fax: (703) 712-5050

Igor M. Babichenko
(*pro hac vice* forthcoming)
ibabichenko@mcguirewoods.com
Daniel P. Peyton
(*pro hac vice* forthcoming)
dppeyton@mcguirewoods.com
**McGuireWoods LLP**
Gateway Plaza
800 East Canal Street
Richmond, VA 23219
Tel: (804) 775-1000
Fax: (804) 775-1061

*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 24, 2025, a copy of the foregoing was electronically filed with the Court and served via CM/ECF Notice of Electronic Filing and first-class mail, postage prepaid, on all counsel and parties of record.

David A. Branch
Law Offices of David A. Branch & Associates, PLLC
1120 Connecticut Avenue, N.W., Suite 500
Washington, DC 20036

By: */s/ Richard J. Batzler*