**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION – CIVIL ACTIONS BRANCH**
**500 INDIANA AVENUE NW, Room 5000**
**WASHINGTON, DC 20001**

**Date:** **09/29/2025**

The Honorable Angela Caesar, Clerk
United States District Court for the District of Columbia
3rd and Constitution Avenue, Washington, D.C. 20001

**In Re:** **Lester Blount v. Constellis, LLC**

**Civil Action Number:** **2025-CAB-005267**

**U.S. District Number:** **1:25-cv-03383**

Dear Ms. Angela Caesar:

Transmitted herewith are all of the pleadings filed in the above captioned case pursuant to a Petition for Removal Filed in the District of Columbia Superior Court on **09/24/2025** . A certified copy of the docket entries is also enclosed.

Please acknowledge receipt of our file on a duplicate copy of this letter, and return it to this Court.

Sincerely,

Ana Guzman, Branch Chief
Civil Actions Branch

**Completed By:** Ricki Copeland
Deputy Clerk Ricki Copeland

CASE SUMMARY

# CASE SUMMARY
## CASE NO. 2025-CAB-005267

**Lester Blount v. Constellis, LLC**

| | |
|---|---|
| Location: | **Civil Actions** |
| Judicial Officer: | **Jones Bosier, Tanya** |
| Filed on: | **08/08/2025** |
| U.S. District Court Case Number: | **1:25-cv-03383** |

### CASE INFORMATION

| | |
|---|---|
| Case Type: | **Employment Dispute** |
| Subtype: | **Discrimination** |
| Case Status: | **08/08/2025 Open** |

### DATE — CASE ASSIGNMENT

**Current Case Assignment**

| | |
|---|---|
| Case Number | 2025-CAB-005267 |
| Court | Civil Actions |
| Date Assigned | 08/08/2025 |
| Judicial Officer | Jones Bosier, Tanya |

A TRUE COPY
TEST: 9/29/2025
Clerk, Superior Court of the District of Columbia
By [signature]
Deputy Clerk
Ricki Copeland

### PARTY INFORMATION

| | | Attorneys |
|---|---|---|
| **Plaintiff** | **Blount, Lester** | **Branch, David A**<br>*Retained*<br>202-785-2805(W) |
| **Defendant** | **Constellis, LLC** | **Batzler, Richard John**<br>*Retained*<br>703-712-5323(W) |

### DATE — EVENTS & ORDERS OF THE COURT

**EVENTS**

| Date | |
|---|---|
| 09/24/2025 | Notice of Removal to US District Court<br>Docketed on: 09/24/2025<br>Party: Defendant Constellis, LLC |
| 08/11/2025 | Notice |
| 08/11/2025 | Initial Order [Remote] (Judicial Officer: Jones Bosier, Tanya ) |
| 08/08/2025 | Complaint Filed<br>Docketed on: 08/11/2025<br>Filed by: Private Practice Attorney Branch, David A; Plaintiff Blount, Lester |

**HEARINGS**

| Date | |
|---|---|
| 11/07/2025 | **Remote Initial Scheduling Conference** (9:30 AM) (Judicial Officer: Jones Bosier, Tanya ;Location: Courtroom 212) |

### DATE — FINANCIAL INFORMATION

**Plaintiff** Blount, Lester

| | |
|---|---|
| Total Charges | 120.00 |
| Total Payments and Credits | 120.00 |
| **Balance Due as of 09/29/2025** | **0.00** |

# CASE SUMMARY
## CASE NO. 2025-CAB-005267

eFiled
9/24/2025 12:51:19 PM
Superior Court
of the District of Columbia

**IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

| | |
|---|---|
| **LESTER BLOUNT,**<br><br>***Plaintiff,***<br><br>**v.**<br><br>**CONSTELLIS, LLC**<br><br>***Defendant.*** | **Civil Action No. 2025-CAB-005267**<br>**Hon. Tanya Jones Bosier**<br><br>**Next Event: Answer due:**<br>**September 26, 2025** |

**DEFENDANT CONSTELLIS, LLC'S**
**NOTICE OF FILING NOTICE OF REMOVAL**

**PLEASE TAKE NOTE THAT**, on September 24, 2025, Defendant Constellis, LLC, by undersigned counsel and pursuant to 28 U.S.C. §§ 1331, 1441, and 1446(a), filed its Notice of Removal in the United States District Court for the District of Columbia. A copy of Defendant's Notice of Removal, without exhibits, is attached hereto as **Exhibit A**.

**PLEASE TAKE FURTHER NOTICE THAT**, pursuant to 28 U.S.C. § 1446(d), the filing of the Notice of Removal with the United States District Court, together with the filing of this Notice of Filing of Removal, effect the removal of the action and this Court shall proceed no further unless and until the case has been remanded.

Dated: September 24, 2025

Respectfully submitted,

*/s/Richard J. Batzler*

Richard J. Batzler (D.C. Bar No. 90011085)
**McGuireWoods LLP**
1750 Tysons Blvd, Ste 1800
Tysons, VA 22102
Tel: (703) 712-5000
rbatzler@mcguirewoods.com

***Counsel for Defendant Constellis, LLC***

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 24, 2025, a copy of the foregoing Notice was electronically filed with the Court and served via eFileDC and first-class mail, postage prepaid, on all counsel and parties of record.

David A. Branch
Law Offices of David A. Branch & Associates, PLLC
1120 Connecticut Avenue, N.W., Suite 500
Washington, DC 20036

*/s/Richard J. Batzler*
Richard J. Batzler

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

**LESTER BLOUNT,**
6025 Wedgewood Village Circle
Lake Worth, Florida 33463

***Plaintiff*,**

**v.**

**CONSTELLIS, LLC,**
13530 Dulles Technology Dr, Ste 500
Herndon, VA, 20171

***Defendant*.**

**Case No. 1:25-cv-3383**
Removed from the D.C. Superior Court
(Civil Action No. 2025-CAB-005267)

**DEFENDANT CONSTELLIS, LLC'S NOTICE OF REMOVAL**

Defendant Constellis, LLC, pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, removes this action from the Superior Court of the District of Columbia to the United States District Court for the District of Columbia. Removal is appropriate based on federal question jurisdiction because Plaintiff purports to assert claim for race discrimination under 42 U.S.C. § 1981. In support of this Notice of Removal and this Court's jurisdiction, Constellis states as follows:

## I. PLEADINGS IN STATE COURT AND NATURE OF THE ACTION

1. On August 8, 2025, Plaintiff Lester Blount filed a Complaint against Constellis in the Superior Court of the District of Columbia in the above-captioned matter.

2. The Complaint asserted one cause of action against Constellis: race discrimination in violation of 42 U.S.C. § 1981. It named no other defendants.

3. True and correct copies of the Complaint and other documents filed in the Superior Court of the District of Columbia are collectively attached as **Exhibit 1**.

## II. TIMELINESS OF REMOVAL

4. Under 28 U.S.C. § 1446(b)(3), a notice of removal "may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

5. The removal of this action is timely because Constellis was served the Complaint on September 5, 2025. Constellis therefore files this Notice of Removal within 30 days of service of the Complaint.

## III. REMOVAL JURISDICTION

6. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331, which provides that the "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

7. Plaintiff's Complaint alleges race discrimination in violation of 42 U.S.C. § 1981. *See* Compl. at 1.

8. Thus, this "Court has federal-question jurisdiction over [plaintiff's] claims under . . . 42 U.S.C. § 1981." *See Moini v. LeBlanc*, 456 F. Supp. 3d 34, 40 n.2 (D.D.C. 2020) (citing 28 U.S.C. § 1331).

## IV. VENUE

9. For purposes of removal, the United States District Court for the District of Columbia is the proper venue because it is the federal district court that embraces the Superior

Court for the District of Columbia, the forum in which Plaintiff filed the original action. *See* 28 U.S.C. §§ 88, 1441(a), 1446(a).[1]

## V. NOTICE

10. Constellis is filing a copy of this Notice of Removal with the Superior Court of the District of Columbia as required by 28 U.S.C. § 1446(d). A true and correct copy of the Notice of Filing Constellis's Notice of Removal is attached hereto as **Exhibit 2**.

11. Pursuant to 28 U.S.C. § 1446(d), Constellis is also serving a copy of its Notice of Removal upon Plaintiff.

## VI. MISCELLANEOUS

12. This action has not previously been removed to federal court.

13. Constellis has not filed a responsive pleading to the Complaint in the D.C. Superior Court.

14. No statement or omission in this notice shall be deemed an admission of any allegations or damages sought in the Complaint.

15. By filing this Notice of Removal, Constellis does not waive any defenses, whether procedural or substantive, that may be available to it, including, but not limited to, any defenses available under Federal Rule of Civil Procedure 12(b).

16. Constellis expressly reserves and does not waive its right to amend this Notice of Removal or its right to offer evidence supporting the Court's jurisdiction over this action.

---

[1] By removing to this Court, Constellis does not concede that the United States District Court for the District of Columbia has personal jurisdiction over Constellis or that venue is proper under 28 U.S.C. § 1391.

## VII. CONCLUSION

WHEREFORE, Constellis removes this action to the United States District Court for the District of Columbia, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446.

Dated: September 24, 2025

Respectfully submitted,

*/s/Richard J. Batzler*
Richard J. Batzler (D.C. Bar No. 90011085)
rbatzler@mcguirewoods.com
**MCGUIREWOODS LLP**
1750 Tysons Blvd, Ste 1800
Tysons, VA 22102
Tel: (703) 712-5000

Igor M. Babichenko
(*pro hac vice* forthcoming)
ibabichenko@mcguirewoods.com
Daniel P. Peyton
(*pro hac vice* forthcoming)
dppeyton@mcguirewoods.com
**McGuireWoods LLP**
Gateway Plaza
800 East Canal Street
Richmond, VA 23219
Tel: (804) 775-1000
Fax: (804) 775-1061

***Counsel for Defendant Constellis, LLC***

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 24, 2025, a copy of the foregoing was electronically filed with the Court and served via CM/ECF Notice of Electronic Filing and first-class mail, postage prepaid, on all counsel and parties of record.

David A. Branch
Law Offices of David A. Branch & Associates, PLLC
1120 Connecticut Avenue, N.W., Suite 500
Washington, DC 20036

*/s/Richard J. Batzler*
Richard J. Batzler

eFiled
8/8/2025 4:04:53 PM
Superior Court
of the District of Columbia

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**Civil Division**

**LESTER BLOUNT**
**6025 WEDGEWOOD VILLAGE CIRCLE**
**LAKE WORTH, FL 33463**

***Plaintiff.***

**v.**

**CONSTELLIS, LLC**
**13530 DULLES TECHNOLOGY DRIVE**
**HERNDON, VA 20171-4642**

***Defendant.***

**Jury Trial Demand**

2025-CAB-005267

**COMPLAINT**

Comes now Plaintiff Lester Blount (hereinafter "Plaintiff Blount" or "Plaintiff "), by and through his attorneys, and hereby files this Complaint against Defendant Constellis, LLC (hereinafter "Defendant Constellis" or "Defendant"). Plaintiff seeks relief pursuant to 42 U.S.C. § 1981 and including but not limited to declaratory, injunctive and other equitable relief, compensatory damages, litigation expenses and reasonable attorneys' fees, based on Defendant's discriminatory, harassing, retaliatory, and otherwise unlawful actions against Plaintiff.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter of this Complaint pursuant to D.C. Code § 11-921.

2. Venue is proper in this Court in that the events and omissions giving rise to Plaintiff 's claims occurred here in the District of Columbia and Defendant may be found here.

## PARTIES

3. Plaintiff Blount is an African American male and a resident of Florida. At the time of the incidents in this complaint, he was a resident of Maryland.

4. Defendant Constellis is a corporation which is based in Herndon, Virginia. Defendant.

## FACTS

5. Plaintiff Blount is an African American male, who is the Chief Executive Officer ("CEO") and Founder of LMB Security. He began working as a background investigations contractor for Defendant Constellis in 2020. He is a former Secret Service Special Agent, and the consummate professional with a distinguished career.

6. Plaintiff Blount was assigned to work on background investigations and typically earned $6,000 each month performing the work. Plaintiff Blount was assigned background investigations to complete in the District of Columbia.

7. Plaintiff Blount observed that he was assigned work in a racially discriminatory manner. Plaintiff Blount made himself available to work in all areas. Plaintiff Blount offered his services to take on assignments in areas considered the affluent white suburbs. For example, Plaintiff Blount requested an assignment in Boca Raton, Florida, an affluent white suburb. When he followed up to inquire about the assignment, Defendant Constellis had assigned the case to another

investigator. Plaintiff Blount was denied the Boca Raton assignment, despite being available and authorized to work on the assignment.

8. Defendant Constellis would then offer Plaintiff Blount another assignment that was located in a less desirable location. Assignments in the more affluent areas were given to Plaintiff Blount's white investigator counterparts. Plaintiff Blount asked why he was being denied certain assignments and Defendant Constellis never provided Plaintiff Blount with a direct response.

9. Plaintiff Blount was primarily offered work in neighborhoods, that his white investigator counterparts refused to work in. These neighborhoods were perceived as undesirable or high crime due to their predominantly Black populations. Plaintiff Blount's white investigator counterparts would refuse to work in Homestead, Florida and these assignments would be offered to Plaintiff Blount.

10. Plaintiff Blount was cleared and authorized to work multiple contracts and had completed training to receive his ICE certification. While Plaintiff Blount was eligible to work on multiple contracts, Defendant Constellis only gave Plaintiff Blount the opportunity to work on one contract. When Plaintiff Blount questioned this practice, he was never given a direct reason.

11. Plaintiff Blount's white counterparts were offered opportunities to work on multiple contract assignments.

12. Plaintiff Blount and Defendant Constellis operated under a continuous contractual arrangement, in which Plaintiff Blount was routinely assigned investigative cases on a rolling basis, forming an ongoing and foreseeable contractual relationship. Plaintiff Blount reasonably expected that, consistent with prior practice and his continued clearance and qualifications, he would receive assignments and compensation on an ongoing basis from Defendant Constellis.

13. In mid-2021, during the height of the COVID-19 pandemic, Plaintiff Blount

suffered four (4) COVID-19-related strokes which left Plaintiff Blount in a coma for two (2) weeks and ultimately on life support. These urgent medical matters left Plaintiff Blount incapacitated for a brief period.

14. On October 5, 2021, Plaintiff Blount informed Ms. Sonya Mageau (white female), CI Lead Investigator for the 2 Southeast Region, that although he was still recovering from a stroke and from complications from COVID-19, he expected to return to normal soon.

15. On October 6, 2021, Ms. Mageau responded to Plaintiff Blount's email. Ms. Mageau acknowledged Plaintiff Blount 's illness and advised him that he would be on leave through the end of the month. Ms. Mageau's October 6, 2021, email response confirms that Plaintiff Blount notified Defendant Constellis of his disability, and Defendant Constellis, by virtue of Ms. Mageau, had knowledge of Plaintiff Blount 's disability.

16. Defendant Constellis at no time after receiving Plaintiff Blount's notification of his disability, did Defendant Constellis engage in the interactive process with Plaintiff Blount. Defendant Constellis, despite being aware of Plaintiff Blount's medical condition, failed to provide Plaintiff Blount with an accommodation.

17. On June 27, 2022, Plaintiff Blount sent an email to the training manager, Ms. Becky Hinterland (white female), requesting assistance with logging in to Defendant Constellis's website. In their exchange while rectifying Plaintiff Blount 's issue logging in, Ms. Hinterland took issue with a generic quote that was auto generated at the bottom of emails sent from Plaintiff Blount 's personal email account. The quote stated: "The people who try to expose your weaknesses are intimidated by your strengths." Plaintiff Blount was confused by Ms. Hinterland taking issue with a quote on the bottom of his personal email account.

18. Ms. Hinterland escalated the matter and raised a complaint about Plaintiff Blount

with Ms. Mageau.

19. In an email dated June 27, 2022, Ms. Mageau scolded Plaintiff Blount for having issues with logging in. Ms. Mageau wrote: "I'm not sure what is going on on your end as I just logged in with no problem." Ms. Mageau then proceeded to admonish Plaintiff Blount and order him to remove the auto-generated quote from the bottom of his personal email account.

20. In early 2023, Defendant Constellis announced that it had secured nearly $5 billion dollars in contracts in the preceding twelve months, largely from government contracts.

21. Defendant Constellis' discriminatory treatment towards Plaintiff Blount continued. Defendant Constellis substantially reduced Plaintiff Blount's workload even though he was approved to work on several government contracts. Instead, Plaintiff Blount's white counterparts were approved to work on the contracts.

22. Despite Plaintiff Blount's longstanding relationship with Defendant Constellis and his eligibility to work on several government contracts, Plaintiff observed that he was no longer receiving contract assignments.

23. On May 2, 2023, Plaintiff Blount sent an email requesting the rationale behind his reduced workload. Ms. Mageau responded, copying Ms. Kristi Jenkins (white female) and Ms. Curtis, falsely stating that Plaintiff Blount had been "turning down work on [the UNIcycle] contract… and that "…it would not make sense to approve to work on other contracts." In the same email, Ms. Mageau voiced displeasure of Plaintiff Blount being unable to speak on the phone. Ms. Mageau wrote: "I left you a voicemail earlier but haven't heard from you." Plaintiff Blount responded via email that same day, indicating that "[he] has been waiting for your approval for the other contracts for nearly 2 years…" and "[h]ow can [he] turns down work if only minimal cases are available?"

24. Defendant Constellis did not formally terminate Plaintiff Blount's contractual relationship but ceased to offer him contract opportunities. Defendant Constellis continued to award similar work to white investigators with comparable or lesser qualifications than Plaintiff Blount.

25. Defendant Constellis denied Plaintiff Blount the ability to earn income under their ongoing contract relationship. Plaintiff Blount was not given a legitimate explanation for the discontinuation of work.

26. Plaintiff Blount received notification that on September 14, 2023, a credit check was run on him by Defendant Constellis without Plaintiff Blount 's knowledge, permission and/or consent. While recovering from the strokes as a result of Plaintiff Blount 's ongoing COVID-19-related disability, he was forced to file for bankruptcy. Defendant Constellis denied Plaintiff Blount the opportunity to provide documentation that would explain the full scope of his then financial condition by conducting a credit check on Plaintiff Blount without his knowledge, permission and/or consent.

27. On September 21, 2023, Ms. Catherine Curtis (white female) and Ms. Catherine Warden (white female) emailed Plaintiff Blount asking him to complete a SF86 background check form so that Plaintiff Blount could continue working on the client UNIcycle contract. Plaintiff Blount responded, indicating that the timing "seems quite odd" given that Defendant Constellis had been given notice regarding Plaintiff Blount 's ongoing disability. Ms. Curtis responded indicating that: "I have not received any information or communication from you regarding medical issues you have been dealing with nor has Sonya [Mageau] or Kristi [Jenkins]" (emphasis added).

28. Ms. Curtis continued by stating that she was unable to contact Plaintiff Blount by phone, not considering Plaintiff Blount's ongoing disability and not suggesting that communication necessitated a phone call as opposed to an email.

29. In response, on October 2, 2023, Plaintiff Blount informed Ms. Curtis that he preferred to communicate via email (in writing). In response, also on October 2, 2023, Ms. Curtis stated that "Cathy Warden is sending you information to collect [Plaintiff Blount 's] UNIcycle credentials…" and that "…Sonya does not recall a conversation or correspondence from you regarding your medical situation."

30. Defendant Constellis continued to deny being made aware of Plaintiff Blount's disabling medical condition, dating back to October 2021.

31. Defendant Constellis, through the actions of Ms. Mageau, Ms. Curtis, and Ms. Jenkins, discriminated against Plaintiff Blount by, including but not limited to: (i) acting as if they were unaware of Plaintiff Blount 's disability; (ii) conducting a credit check of Plaintiff Blount without his knowledge (which should be done after, not before, the completion of the SF86); (iii) wrongfully asking Plaintiff Blount to submit to an updated background "reinvestigation"; (iv) removing Plaintiff Blount from the UNIcycle contract; and (v) denying Plaintiff Blount the opportunity to work on other contracts in which Plaintiff Blount was cleared and authorized to work on (Raspberry, Excalibur, et cetera).

32. On or about August 4, 2025, Plaintiff Blount applied for a contract investigator position opportunity in Miami, Florida. This was a position that Plaintiff Blount had previously held with Defendant Constellis. Plaintiff was qualified for the position, however he was denied.

**COUNT I**
**Violation of 42 U.S.C. § 1981**
**(Race Discrimination)**

33. Plaintiff Blount incorporates by reference each of the allegations contained in the paragraphs above.

34. 42 U.S.C. § 1981 provides: "All persons within the jurisdiction of the United States

shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other." Section 1981 prohibits racial discrimination in the making and enforcement of contracts. This includes the rights to be awarded, perform, and benefit from ongoing contractual opportunities. Defendant Constellis, acting through its agents, intentionally discriminated against Plaintiff Blount on the basis of race by denying him the same contractual opportunities afforded to similarly situated white contractors.

35. Plaintiff Blount had an ongoing contractual relationship with Defendant Constellis, supported by a regular stream of investigative assignments over multiple years. Defendant Constellis engaged in discriminatory practices by intentionally denying Plaintiff Blount further work assignments that formed the basis of this relationship. This interference with Plaintiff Blount's right to make and enforce contracts was based on his race.

36. Defendant Constellis engaged in race based discriminatory practices by assigning Plaintiff Blount work in a racially discriminatory manner. Plaintiff Blount was denied assignments in affluent white suburban areas. Plaintiff Blount was primarily assigned to work in neighborhoods, that his white investigator counterparts refused to work in. These neighborhoods were perceived as undesirable or high crime due to their predominantly Black populations.

37. Defendant Constellis engaged in race based discriminatory practices by significantly reducing Plaintiff Blount's workload even though he was approved to work on several government contracts, while his white counterparts were approved to work on these contracts. Over time, Defendant Constellis ceased offering Plaintiff Blount any contract work, despite Plaintiff Blount's qualifications, clearance, and availability. Defendant Constellis denied Plaintiff Blount a contract opportunity, despite Plaintiff Blount having previously held the position. These adverse actions materially interfered with Plaintiff Blount's right to make and enforce contracts on equal

terms.

38. Defendant Constellis' actions of interfering with Plaintiff Blount's workload effectively terminated Plaintiff Blount's ability to continue performing under the contract, despite there being no formal termination notice or performance deficiency. The cessation of assignments functioned as a constructive termination of his contractual relationship and denied Plaintiff Blount the opportunity to earn income he had reasonably expected.

39. Defendant further engaged in race based discriminatory practices by running a credit check on Plaintiff Blount, without his knowledge, permission, and/or consent and asking Plaintiff Blount to submit to an updated background "reinvestigation. Plaintiff Blount's white counterparts were not subjected to this conduct.

40. Defendant's actions were intentional, willful, and taken with reckless disregard for Plaintiff's federally protected rights under § 1981.

41. As a direct and proximate result of Defendant's discriminatory conduct, Plaintiff Blount suffered substantial economic loss, reputational harm, emotional distress, and loss of contractual opportunities.

42. Defendant Constellis had no legitimate business reason for any such acts.

43. Plaintiff Blount is informed and believes, and based thereon, alleges that, in addition to the practices enumerated above, Defendant Constellis may have engaged in other discriminatory and/or retaliatory practices that are not yet fully known.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Blount prays as follows:

A. That the Court enter judgment in Plaintiff Blount's favor for Defendant's violation of 42 U.S.C. § 1981, including all available damages for lost income, emotional distress, damages, and attorneys' fees;

B. Enter judgment against Defendant Constellis;

C. Issue a permanent injunction prohibiting Defendant Constellis from engaging in any discriminatory terminations and retaliation;

D. Enter judgment in favor of Plaintiff Blount against Defendant Constellis for all equitable monetary damages available under the law, including but not limited to back pay and front pay in amounts to be determined at trial and all bonuses to which Plaintiff Blount is entitled;

E. Order Defendant Constellis to refrain from any retaliation against Plaintiff Blount, or any other person, for participating in or supporting this case in any manner;

F. Order Defendant Constellis, individually and collectively, to pay compensatory and punitive damages in an amount no less than $1,000,000;

G. Order Defendant Constellis to pay Plaintiff Blount's reasonable attorneys' fees, expert fees and costs; and

H. Order Defendant Constellis to pay pre-judgment and post-judgment interest as provided by law.

**JURY TRIAL DEMAND**

Plaintiff Blount demands a jury trial on all claims against Defendant Constellis.

Date: August 8, 2025

Respectfully submitted,

*/s/ David A. Branch*

David A. Branch, D.C. Bar No. 438764
Law Office of David A. Branch &
Associates, PLLC
1120 Connecticut Avenue, N.W., Suite 500
Washington, DC 20036

Phone: (202) 785-2805
Fax: (202) 785-0289
Email: davidbranch@dbranchlaw.com

# Superior Court of the District of Columbia

CIVIL DIVISION - CIVIL ACTIONS BRANCH

INFORMATION SHEET

LESTER BLOUNT
Plaintiff(s)

vs

CONSTELLIS, LLC
Defendant(s)

Case Number: 2025-CAB-005267

Date: 09/29/2025

☐ One of the defendants is being sued in their official capacity.

| Name: *(Please Print)* David A. Branch | Relationship to Lawsuit |
|---|---|
| Firm Name: Law Office of David A. Branch & Associates, PLLC | ☑ Attorney for Plaintiff<br>☐ Self (Pro Se)<br>☐ Other: ________ |
| Telephone No.: (202) 785-2805 — DC Bar No.: 438764 | |

TYPE OF CASE: ☐ Non-Jury ☐ 6 Person Jury ☑ 12 Person Jury

Demand: $ 1,000,000.00 Other: ________

PENDING CASE(S) RELATED TO THE ACTION BEING FILED

Case No.:________ Judge: ________ Calendar #:________

Case No.:________ Judge: ________ Calendar #:________

NATURE OF SUIT: *(Check One Box Only)*

**CONTRACT**
- ☐ Breach of Contract
- ☐ Breach of Warranty
- ☐ Condo/Homeowner Assn. Fees
- ☐ Contract Enforcement
- ☐ Negotiable Instrument

**COLLECTION/INS. SUB**
- ☐ Debt Collection
- ☐ Insurance Subrogation
- ☐ Motion/Application for Judgment by Confession
- ☐ Motion/Application Regarding Arbitration Award

**EMPLOYMENT DISPUTE**
- ☐ Breach of Contract
- ☑ Discrimination
- ☐ Wage Claim
- ☐ Whistle Blower
- ☐ Wrongful Termination

**REAL PROPERTY**
- ☐ Condo/Homeowner Assn. Foreclosure
- ☐ Declaratory Judgment
- ☐ Drug Related Nuisance Abatement
- ☐ Ejectment
- ☐ Eminent Domain
- ☐ Interpleader
- ☐ Other
- ☐ Quiet Title
- ☐ Specific Performance

- ☐ **FRIENDLY SUIT**
- ☐ **HOUSING CODE REGULATIONS**
- ☐ **QUI TAM**
- ☐ **STRUCTURED SETTLEMENTS**

**ADMINISTRATIVE PROCEEDINGS**
- ☐ Administrative Search Warrant
- ☐ App. for Entry of Jgt. Defaulted Compensation Benefits
- ☐ Enter Administrative Order as Judgment
- ☐ Libel of Information
- ☐ Master Meter
- ☐ Petition Other
- ☐ Release Mechanics Lien
- ☐ Request for Subpoena

**MALPRACTICE**
- ☐ Medical – Other
- ☐ Wrongful Death

**AGENCY APPEAL**
- ☐ Dangerous Animal Determination
- ☐ DCPS Residency Appeal
- ☐ Merit Personnel Act (OEA)
- ☐ Merit Personnel Act (OHR)
- ☐ Other Agency Appeal

☐ **APPLICATION FOR INTERNATIONAL FOREIGN JUDGMENT**

# Information Sheet, Continued

**CIVIL ASSET FORFEITURE**
- ☐ Currency
- ☐ Other
- ☐ Real Property
- ☐ Vehicle

**NAME CHANGE/VITAL RECORD AMENDMENT**
- ☐ Birth Certificate Amendment
- ☐ Death Certificate Amendment
- ☐ Gender Amendment
- ☐ Name Change

**TORT**
- ☐ Abuse of Process
- ☐ Assault/Battery
- ☐ Conversion
- ☐ False Arrest/Malicious Prosecution
- ☐ Libel/Slander/Defamation
- ☐ Personal Injury
- ☐ Toxic Mass
- ☐ Wrongful Death (Non-Medical Malpractice)

**GENERAL CIVIL**
- ☐ Accounting
- ☐ Deceit (Misrepresentation)
- ☐ Fraud
- ☐ Invasion of Privacy
- ☐ Lead Paint
- ☐ Legal Malpractice
- ☐ Motion/Application Regarding Arbitration Award
- ☐ Other - General Civil
- ☐ Product Liability
- ☐ Request for Liquidation
- ☐ Writ of Replevin
- ☐ Wrongful Eviction

**CIVIL I/COMPLEX CIVIL**
- ☐ Asbestos

**MORTGAGE FORECLOSURE**
- ☐ Non-Residential
- ☐ Residential

**STATUTORY CLAIM**
- ☐ Anti – SLAPP
- ☐ Consumer Protection Act
- ☐ Exploitation of Vulnerable Adult
- ☐ Freedom of Information Act (FOIA)
- ☐ Other

**TAX SALE FORECLOSURE**
- ☐ Tax Sale Annual
- ☐ Tax Sale Bid Off

**VEHICLE**
- ☐ Personal Injury
- ☐ Property Damage

☐ **TRAFFIC ADJUDICATION APPEAL**

☐ **REQUEST FOR FOREIGN JUDGMENT**

[signature] 08/08/2025

Filer/Attorney's Signature Date

**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**Civil Actions Branch**
**500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001**
**Telephone: (202) 879-1133 Website: www.dccourts.gov**

LESTER BLOUNT
Plaintiff

vs.

Case Number 2025-CAB-005267

CONSTELLIS, LLC
Defendant

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

David A. Branch
Name of Plaintiff's Attorney

1120 Connecticut Avenue NW S
Address
Washington, DC 20036

(202) 785-2805
Telephone

*Clerk of the Court*

By Deputy Clerk

Date August 11, 2025

如需翻译,请打电话 (202) 879-4828 Veuillez appeler au (202) 879-4828 pour une traduction Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828로 전화주십시요 የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME*.

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
**DIVISIÓN CIVIL**
**Sección de Acciones Civiles**
**500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001**
**Teléfono: (202) 879-1133 Sitio web: www.dccourts.gov**

______________________________________________
Demandante

contra

Número de Caso: ______________________

______________________________________________
Demandado

## CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veintiún (21) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días, contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que usted le entregue al demandante una copia de la Contestación o en el plazo de siete (7) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

*SECRETARIO DEL TRIBUNAL*

______________________________________________
Nombre del abogado del Demandante

______________________________________________
Dirección

Por: ______________________________________________
Subsecretario

______________________________________________

______________________________________________
Teléfono

Fecha ______________________________________________

如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화주십시요    የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍA RETENÉRSELE SUS INGRESOS, O PODRÍA TOMÁRSELE SUS BIENES PERSONALES O BIENES RAÍCES Y SER VENDIDOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO*.

Si desea conversar con un abogado y le parece que no puede pagarle a uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse sobre otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

DO NOT COMPLETE

**Superior Court of the District of Columbia**
**Civil Division - Civil Actions Branch**
**500 Indiana Ave NW, Room 5000, Washington DC 20001**
**202-879-1133 | www.dccourts.gov**

**Case Number:** 2025-CAB-005267

**Case Style:** LESTER BLOUNT v. CONSTELLIS, LLC

# INITIAL ORDER

| Initial Hearing Date: | Initial Hearing Time: | Courtroom Location: |
|---|---|---|
| Friday, 11/07/2025 | 9:30 AM | Remote Courtroom 212 |

**Please see attached instructions for remote participation.**

Your case is assigned to Associate Judge Tanya Jones Bosier.

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("Super. Ct. Civ. R.") 40-I, it is hereby ORDERED as follows:

1) This case is assigned to the judge and calendar designated above. All future filings in this case shall bear the calendar number and judge's name along with the case number in the caption.
2) Within 60 days of the filing of the complaint, plaintiff must file proof of service on each defendant of copies of the summons, the complaint, and this Initial Order. The court will dismiss the claims against any defendant for whom such proof of service has not been filed by this deadline, unless the court extended the time for service under Rule 4.
3) Within 21 days of service (unless otherwise provided in Rule 12), each defendant must respond to the complaint by filing an answer or other responsive pleading. The court may enter a default and a default judgment against any defendant who does not meet this deadline, unless the court extended the deadline under Rule 55(a).
4) At the time stated above, all counsel and unrepresented parties shall participate in a hearing to establish a schedule and discuss the possibilities of settlement. Counsel shall discuss with their clients before the hearing whether the clients are agreeable to binding or non-binding arbitration. This order is the only notice that parties and counsel will receive concerning this hearing.
5) If the date or time is inconvenient for any party or counsel, the Civil Actions Branch may continue the Conference once, with the consent of all parties, to either of the two succeeding days when the calendar is called. To reschedule the hearing, a party or lawyer may call the Branch at (202) 879-1133. Any such request must be made at least seven business days before the scheduled date. No other continuance will be granted except upon motion for good cause shown.
6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Milton C. Lee, Jr.

**To Join by Computer, Tablet, or Smartphone:**

1) Copy and Paste or Type the link into a web browser and enter the Webex Meeting ID listed below.

   Link: dccourts.webex.com/meet/ctb212

   Meeting ID: 129 440 9070

2) When you are ready, click “Join Meeting”.
3) You will be placed in the lobby until the courtroom clerk gives you access to the hearing.

**Or to Join by Phone:**

1) Call 202-860-2110 (local) or 844-992-4726 (toll-free)
2) Enter the Webex Meeting ID listed above followed by “##”

**Resources and Contact Information:**

1) For best practices on how to participate in Webex Meetings, click here https://www.webex.com/learn/best-practices.html.
2) For technical issues or questions, call the Information Technology Division at 202-879-1928 and select option 2.
3) For case questions, call the Civil Actions Branch Clerk’s Office at 202-879-1133.
4) To change your method of hearing participation, visit www.dccourts.gov/hearing-information for instructions and forms.

## ACCESSIBILITY AND LANGUAGE ACCESS

**Persons with Disabilities:**

If you have a disability as defined by the American Disabilities Act (ADA) and you require an accommodation, please call 202-879-1700 or email ADACoordinator@dcsc.gov. The D.C. Courts does not provide transportation service.

**Interpreting and Translation Services**:

The D.C. Courts offers free language access services to people having business with the court who are deaf or who are non-English speakers. Parties to a case may request free translations of court orders and other court documents. To ask for an interpreter or translation, please contact the Clerk's Office listed for your case. For more information, visit https://www.dccourts.gov/language-access.

**Servicios de interpretación y traducción:**

Los Tribunales del Distrito de Columbia ofrecen servicios gratuitos de acceso al idioma a las personas sordas o que no hablan inglés que tienen asuntos que atender en el tribunal. Las partes de un caso pueden solicitar traducciones gratuitas de las órdenes judiciales y otros documentos del tribunal. Para solicitar un intérprete o una traducción, póngase en contacto con la Secretaría de su caso.

Para más información, visite https://www.dccourts.gov/language-access.

El acceso al idioma es importante para los Tribunales del Distrito de Columbia. Puede dar su opinión sobre los servicios de idiomas visitando https://www.dccourts.gov/services/information-and-resources/interpreting-services#language-access.

**የቃልና የጽሑፍ ትርጓሜ አገልግሎቶች፡**

የዲ.ሲ ፍርድ ቤቶች መስማት ለተሳናቸውና የእንግሊዝኛ ቋንቋ ተናጋሪ ላልሆኑ በፍርድ ቤቱ ጉዳይ ላላቸው ሰዎች ነጻ የቋንቋ ተደራሽነት አገልግሎቶች ያቀርባል። ተከራካሪ ወገኖች የፍርድ ቤት ትእዛዞችና ሌሎች የፍርድ ቤት ሰነዶች በነጻ እንዲተረጎሙላቸው መጠየቅ ይችላሉ። የቃል ወይም የጽሑፍ ትርጓሜ ለመጠየቅ እባክዎን በመዝገብዎ የተዘረዘረውን የጸሀፊ ቢሮ (ክለርክ'ስ ኦፊስ) ያናግሩ። ለተጨማሪ መረጃ https://www.dccourts.gov/language-access ይጎብኙ።

የቋንቋ ተደራሽነት ለዲ.ሲ. ፍርድ ቤቶች አስፈላጊ ነው። የቋንቋ አገልግሎቶች በተመለከተ አስተያየትዎን https://www.dccourts.gov/services/information-and-resources/interpreting-services#language-access በመጎብኘት መስጠት ይችላሉ።

# Tips for Attending Remote Hearings - Civil Division

*Your court hearing may be held remotely. This means that you will participate by phone or by video conference instead of coming to the courthouse. Here are some tips on how to prepare.*

## How do I know if I have a remote hearing?

The Court will contact you to tell you that your hearing is remote. They may contact you by sending you an email, letter in the mail, or by calling you.

## How do I take part in a remote hearing?

The Court will give you step-by-step instructions on how to take part in the remote hearing.

If you lose your written notice, call the Civil Actions Clerk's Office for instructions at:

202-879-1133

## Is there anything that I should do before the day of the hearing?

- Let the court know immediately if you cannot join a hearing because you do not have a phone or computer.

  Civil Actions Clerk's Office: 202-879-1133

- You may want to contact an attorney for legal help.
- You can also find the list of legal services providers at www.dccourts.gov/services/represent-yourself by clicking on the link that says, "List of Legal Service Providers for Those Seeking an Attorney or Legal Advice".
- Evidence: if you want the judge to review photos or documents, ask the judge how to submit your evidence.
- Witnesses: tell the judge if you want a witness to testify at your hearing.
- Accommodations & Language Access: let the court know if you need an interpreter or other accommodation for your hearing.

## Tips for the Hearing

- Join the hearing a few minutes early!
- Charge your computer or phone and make sure you have enough minutes to join the call. Find a private and quiet space. If possible, be alone in a room during the hearing. Try to limit distractions as much as possible. If others are in the room with you, ask if they can be quiet during the hearing.
- Mute your microphone when you are not talking. Mute all sounds on your phone or computer.
- Say your name before you speak so the record is clear. Be prepared to identify your role in the hearing (e.g., observer, plaintiff, defendant, witness, etc.).
- Speak slowly and clearly so everyone hears what you are saying.
- Pause before speaking in case there is a lag. Use a headset or headphones if you can. This will free up your hands and sound better.
- Try not to talk over anyone else. Only one person can speak at a time. If you talk while someone else is talking, the judge will not be able to hear you.
- Have all your documents for the hearing in front of you. Have a pen and paper to take notes.
- If you are not ready for your hearing or want to speak with an attorney, you can ask the judge to postpone your hearing for another date.
- If your sound or video freezes during the hearing, use the chat feature or call the Clerk's Office to let them know that you are having technical issues.

## Special Tips for Video Hearings

(Click here for more information)

- Download the court's hearing software, WebEx, in advance and do a test run! The Court will provide you with a WebEx link in advance of the hearing.
- Set up the camera at eye level. If you are using your phone, prop it up so you can look at it without holding it.
- Look at the camera when you speak and avoid moving around on the video.
- Wear what you would normally wear to court.
- Sit in a well-lit room with no bright lights behind you.
- If possible, find a blank wall to sit in front of. Remember the judge will be able to see everything on your screen, so pick a location that is not distracting.

# District of Columbia Courts

# Tips for Using DC Courts Remote Hearing Sites

The DC Courts have **remote hearing sites** available in various locations in the community to help persons who may not have computer devices or internet service at home to participate in scheduled remote hearings. The Courts are committed to enhancing access to justice for all.

There are four remote access sites throughout the community which will operate **Monday – Friday, 8:30 am – 4:00 pm.**

**Remote Site – 1**

Balance and Restorative Justice Center
1215 South Capitol Street, SW
Washington, DC 20003

**Remote Site – 3**

Balance and Restorative Justice Center
118 Q Street, NE
Washington, DC 20002



**Remote Site – 2**

Balance and Restorative Justice Center
1110 V Street, SE
Washington, DC 20020

**Remote Site – 4**

Balance and Restorative Justice Center
920 Rhode Island Avenue, NE
Washington, DC 20018

**If you want to use a remote site location for your hearing**, call 202-879-1900 or email DCCourtsRemoteSites@dcsc.gov at least 24 hours before your hearing to reserve a remote access computer station.

**If you require special accommodations such as an interpreter for your hearing**, please call 202-879-1900 at least 24 hours in advance of your hearing so the Courts can make arrangements.

***You should bring the following items when you come to your scheduled site location***

1. Your case number and any hyperlinks provided by the Courts for your scheduled hearing.
2. Any documents you need for the hearing (evidence), including exhibits, receipts, photos, contracts, etc.
3. Materials for notetaking, including pen and paper.

*Safety and security measures are in place at the remote sites.

**Contact information to schedule your remote access computer station:**
Call: 202-879-1900
Email: DCCourtsRemoteSites@dcsc.gov

# Tribunales del Distrito de Columbia

## Consejos para usar los sitios de audiencia remota de los Tribunales de DC

Los Tribunales de DC disponen de **sitios de audiencia remota** en distintos centros de la comunidad para ayudar a que las personas que no tienen dispositivos informáticos o servicio de Internet en su casa puedan participar en audiencias remotas programadas. Los Tribunales honran el compromiso de mejorar el acceso de toda la población a la justicia.

En toda la comunidad hay cuatro sitios de acceso remoto que funcionarán **de Lunes a Viernes, de 8:30 am a 4:00 pm**.

**Sito Remoto – 1**
Balance and Restorative Justice Center
1215 South Capitol Street, SW
Washington, DC 20003

**Sito Remoto – 2**
Balance and Restorative Justice Center
1110 V Street, SE
Washington, DC 20020



**Sito Remoto – 3**
Balance and Restorative Justice Center
118 Q Street, NE
Washington, DC 20002

**Sito Remoto – 4**
Balance and Restorative Justice Center
920 Rhode Island Avenue, NE
Washington, DC 20018

**Si desea usar un sitio remoto para su audiencia**, llame al 202-879-1900 o envíe un mensaje de correo electrónico a DCCourtsRemoteSites@dcsc.gov al menos 24 horas antes de la audiencia, para reservar una estación de computadora de acceso remoto.

**Si necesita adaptaciones especiales**, como un intérprete para la audiencia, llame al 202-879-1900 al menos 24 horas antes de la audiencia para que los Tribunales puedan hacer los arreglos necesarios.

***Cuando concurra al sitio programado debe llevar los siguientes artículos***

1. Su número de caso y todos los hipervínculos que le hayan proporcionado los Tribunales para la audiencia programada.
2. Cualquier documento que necesite para la audiencia (prueba), incluidos documentos probatorios, recibos, fotos, contratos, etc.
3. Materiales para tomar nota, como papel y lápiz.

*Los sitios de acceso remoto cuentan con medidas de seguridad y protección.

**Información de contacto para programar su estación de computadora de acceso remoto:**
Teléfono: 202-879-1900
Correo electrónico: DCCourtsRemoteSites@dcsc.gov