**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| LESTER BLOUNT,<br>Plaintiff,<br>v.<br>CONSTELLIS, LLC,<br>Defendant. | Civil Action No. 25-3383 (CKK) |

**ORDER ESTABLISHING PROCEDURES**
**FOR CIVIL CASES ASSIGNED TO JUDGE COLLEEN KOLLAR-KOTELLY**
(October 1, 2025)

In order to administer this civil action in a manner fair to the litigants and consistent with the parties' interest in completing this litigation in the shortest possible time and at the least possible cost, it is hereby

**ORDERED** that the parties are directed to comply with each of the directives set forth in this Order. The Court will hold the parties responsible for following these directives; failure to conform to this Order's directives **may, when appropriate, result in the imposition of sanctions.**

1. **SERVICE OF COMPLAINT.** Plaintiff(s) must promptly serve the complaint on Defendant(s) in accordance with Federal Rule of Civil Procedure 4 and file proof of service in accordance with **Rules of the United States District Court for the District of Columbia** ("Local Civil Rules" or "LCvR") Rule 5.3.

2. **REMOVED ACTIONS.** Defendant(s) removing an action to this Court must re-file any answer as a supplement to the petition and re-notice any pending motion.

3. **DISCLOSURE OF CORPORATE AFFILIATIONS AND FINANCIAL INTERESTS.** Where a corporation is a party or intervenor, counsel of record for that party or intervenor shall file a certificate listing any parent, subsidiary, or affiliate of that party or intervenor which, to the knowledge of counsel, has any outstanding securities in the hands of the public. Such certificate shall be filed with the party's first pleading. The purpose of this certificate is to enable the Judges of this Court to determine the need for recusal. **Counsel have the continuing obligation to advise the Court of any change.** *See* LCvR 26.1.

4. **ELECTRONIC FILING. All documents in this case are to be filed electronically**, except with prior leave of the Court upon good cause shown, and in the case of the exceptions noted below. All electronically filed documents are to be in Portable Document

Format (.pdf). In order to enable the Court's efficient resolution of all matters in this case, **all filings** shall be submitted in text searchable PDF files, directly converted from the word-processing format into PDF so as to preserve their searchability and readability. (The Court recognizes an exception for exhibits that must be scanned because they exist only in paper format.).

(A) **EXCEPTIONS TO ELECTRONIC FILING.**

(i) Every document filed under seal in a totally sealed case shall be filed in paper form accompanied by an electronic copy in a format deemed compatible by the Clerk's Office with CM/ECF filing. *See* LCvR 5.4(e)(1).

(ii) In a case involving a ***pro se*** **party,** electronic filing procedures will be followed **by parties represented by counsel only**. The party appearing *pro se* shall continue to file documents in paper form with the Clerk's Office. Parties represented by counsel must serve documents upon *pro se* parties in paper form.

(B) Absent specific statutory authority, a proposed sealed document in an otherwise unsealed case must be accompanied with a motion to seal in accordance with Local Civil Rule 5.1(h) and filed pursuant to the procedures established by the Clerk's Office. Motions to seal should explain why sealing is appropriate with reference to the factors identified in *United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980). Failure to file a proper motion to seal may result in the document being placed in the public record.

(C) **CM/ECF Passwords** may only be used only by the person to whom they are assigned or, in the case of an attorney, by that attorney or an authorized employee or agent of that attorney's law office or organization. The use of a CM/ECF password to login and submit documents creates an electronic record that operates and serves as the **signature** of the person to whom the password is assigned for all purposes under the Federal Rules of Civil Procedure and the Local Rules of this Court.

(D) The electronic submission of any document in accordance with these procedures constitutes **filing** for all purposes under the Federal Rules of Civil Procedure and the Local Rules of this Court and simultaneously creates an official **docket entry**. A person filing by electronic means is responsible for ensuring the accuracy of the official docket entry generated by the CM/ECF software. *See* LCvR 5.3(c)(2).

(E) No **certificate of service** is required for documents filed electronically. Service is complete upon electronic submission of an order or document and will be effected by electronic notice. Counsel are responsible for monitoring their e-mail accounts and, upon receipt of notice of an electronic filing, for retrieving the order or document electronically.

(F) Electronically filing a document that contains a declaration, verification, certificate, sworn statement, oath or affidavit certifies that the original signed document is in

the possession of the attorney or *pro se* party responsible for the filing and that it is available for review upon request by a party or by the Court. LCvR 5.4(b)(5)

(G) The Court may take into consideration technical difficulties experienced by a filer when presented a late filing. However, parties who wait until the last minute to begin filing are warned that technical difficulties do not necessarily constitute "good cause" or "excusable neglect" justifying an extension of the applicable deadline(s). Fed. R. Civ. P. 6(b). Further, **no allowance can be made for late filing documents whose time limits are jurisdictional**.

(H) Attorneys are to be **precise** in describing the type of document and requested relief when making electronic filings with the Court, because that description becomes the official docket entry recorded in the case. Failure to be accurate and thorough in the description of documents electronically filed may result in action adverse to the attorney.

5. **COMMUNICATIONS WITH THE COURT.** The parties should endeavor to keep communications with Chambers to a minimum. *Ex parte* communications on matters other than scheduling are **strictly prohibited**. If the parties need to contact Chambers, they must do so **jointly** by (1) arranging a conference call that includes counsel for all parties or (2) sending an email message to **Kollar-Kotelly_Chambers@dcd.uscourts.gov** with counsel for all parties copied on the message.

6. **APPEARANCES AT HEARINGS.** Principal trial counsel must appear at all hearings unless excused by the Court in advance.

7. **MOTIONS FOR EXTENSIONS OF TIME AND RE-SCHEDULING OF HEARINGS.** Motions for extensions of time and to re-schedule hearings are strongly discouraged; they will be granted only in truly exceptional or compelling circumstances and parties should not expect the Court to grant extensions. The Court will not entertain or honor stipulations for extensions of time or for the re-scheduling of hearings; parties must file a written motion in accordance with the following instructions:

(A) Motions for extensions of time **must be filed at least four (4) business days prior to the first affected deadline.**

(B) Motions to continue a hearing **must be filed at least four business days prior to the scheduled hearing**.

(C) All motions for extensions of time and for re-scheduling of hearings **must include the following or they will not be considered:**

(i) The specific grounds for the extension or the re-scheduling of the hearing;

(ii) The number of previous extensions or continuances, if any, granted to each party;

(iii) A statement of the impact that the requested extension or continuance would have on all other previously set deadlines;

(iv) A proposed schedule for any other affected deadlines, to be proposed only after consulting with opposing counsel; and

(v) A statement of whether or not opposing counsel opposes the motion in accordance with Local Civil Rule 7(m).

8. **DISCOVERY DISPUTES.**

(A) The parties are referred to Local Civil Rule 26.2 and are expected to fully comply with its directives. Moreover, counsel are required, under both Federal Rule of Civil Procedure 26(f) and Local Civil Rule 7(m), to confer in good faith in an effort to resolve any discovery dispute before bringing it to the Court's attention. **The parties shall not file a discovery motion without prior consultation with opposing counsel**.

(B) If, in what should be the unusual case, the parties are unable to resolve their discovery dispute informally, the parties shall contact Chambers by email at **Kollar-Kotelly_Chambers@dcd.uscourts.gov**, with counsel for all parties copied on the message. In this email, the parties shall provide (1) a clear, concise description of the issues in dispute, (2) each party's position, and (3) counsel's availability for an informal conference on the matter. The Court shall then arrange a telephone conference, refer the matter to a magistrate judge, or give other appropriate direction to promote the efficient resolution of the matter.

9. **DEPOSITIONS.** Counsel must adhere to the following guidelines when taking a deposition:

(A) Counsel for the deponent shall refrain from gratuitous comments and from directing the deponent as to times, dates, documents, testimony, and the like;

(B) Counsel shall refrain from cuing the deponent by objecting in any manner other than stating an objection for the record followed by a word or two describing the legal basis for the objection;

(C) Counsel shall refrain from directing the deponent not to answer any question except for reasons which conform to Federal Rule of Civil Procedure 30(c)(2);

(D) Counsel shall refrain from engaging in dialogue on the record during the course of the deposition;

(E) If counsel for any party or person given notice of the deposition believes that these conditions are not being adhered to, that counsel may call for suspension of the deposition and then immediately apply to the Court for a ruling and remedy. When appropriate, the Court will impose sanctions;

(F) All counsel are to conduct themselves in a civil, polite, and professional manner. The Court will not countenance incivility or other behavior during the deposition demonstrating that the examination is being conducted in bad faith or to simply annoy, embarrass, or oppress the deponent; and

(G) In accordance with Federal Rule of Civil Procedure 30(d)(1), no deposition may last more than seven hours (exclusive of breaks), except by leave of the Court or stipulation of the parties.

10. **MOTIONS GENERALLY.** Parties must comply with the following instructions when briefing any motion:

(A) Memoranda of points and authorities filed in support of or in opposition to any motion may not, without leave of the Court, exceed forty-five (45) pages, and reply memoranda may not exceed twenty-five (25) pages, with margins set at one inch and with all text double-spaced (excepting footnotes) and in twelve-point Times New Roman (including footnotes).

(B) **Where a party fails to file a memorandum of points and authorities in opposition to a given motion, the Court may treat the motion as conceded**, except with respect to motions for summary judgment. *See* LCvR 7(b); *Winston & Strawn, LLP v. McLean*, 843 F.3d 503, 505–08 (D.C. Cir. 2016) (citing Fed. R. Civ. P. 56(e)(3)). Similarly, where a party fails to respond to arguments in opposition papers, the Court may treat those specific arguments as conceded. *See Phrasavang v. Deutsche Bank*, 656 F. Supp. 2d 196, 201 (D.D.C. 2009) (RMU).

(C) A party may not file a sur-reply without first requesting leave of the Court.

(D) **Exhibits shall be properly edited** to exclude irrelevant material and to direct the Court's attention to the pertinent portions thereof.

(E) Each submission shall be accompanied by a table of cases and other authorities cited therein.

(F) Every pleading or paper, regardless of whether it is signed by an attorney or a *pro se* party, shall contain the name, address, telephone number, and, for an attorney, bar identification number. *See* LCvR 5.1(e).

11. **MOTIONS TO DISMISS.** The parties are reminded that a motion to dismiss under Rule 12(b)(6) or a motion for judgment on the pleadings under Rule 12(c) presenting matters outside the pleadings may be converted to a motion for summary judgment. Fed. R. Civ. P. 12(d). If a motion to dismiss presents matters outside the pleadings, all parties must comply **fully** will the instructions set forth below regarding motions for summary judgment.

12. **MOTIONS FOR SUMMARY JUDGMENT.** Parties must comply with the following instructions when briefing motions for summary judgment and the Court may strike papers not in conformity therewith:

(A) **Cases Involving Judicial Review of Administrative Agency Actions.**

(i) In accordance with Local Civil Rule 7(h)(2), each motion for summary judgment, and opposition thereto, shall include a statement of facts with references to the administrative record. The parties must furnish **precise citations** to the portions of the administrative record on which they rely; the Court need not consider materials not specifically identified. *See* Fed. R. Civ. P. 56(c)(3).

(ii) In accordance with Local Civil Rule 7(n), the parties shall provide the Court with a joint appendix containing copies of those portions of the administrative record that are cited or otherwise relied upon in any memorandum in support of, or in opposition to, a motion for summary judgment.

(B) **All Other Cases.**

(i) The Court **strictly adheres to the dictates of Local Civil Rule 7(h)**, which requires that each party submitting a motion for summary judgment attach a statement of material facts for which that party contends there is no genuine dispute, with specific citations to those portions of the record upon which the party relies in fashioning the statement. The party opposing the motion must, in turn, submit a statement enumerating all material facts which the party contends are genuinely disputed and thus require trial. *See* LCvR 7(h)(1). The parties are strongly encouraged to carefully review *Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner*, 101 F.3d 145 (D.C. Cir. 1996), on the subject of Local Civil Rule 7(h).

(ii) The parties must furnish **precise citations** to the portions of the record on which they rely; the Court need not consider materials not specifically identified. *See* Fed. R. Civ. P. 56(c)(3).

(iii) The moving party's statement of material facts shall be a short and concise statement, **in numbered paragraphs**, of all material facts as to which the moving party claims there is no genuine dispute. The statement must contain **only one factual assertion in each numbered paragraph**.

(iv) The party responding to a statement of material facts must respond to each paragraph with a **correspondingly numbered paragraph**, indicating whether that paragraph is admitted or denied. If a paragraph is admitted only in part, the party must specifically identify which parts are admitted and which parts are denied.

(v) The Court may assume that facts identified by the moving party in its statement of material facts are **admitted**, unless such facts are controverted in the statement filed in opposition to the motion. *See* LCvR 7(h)(1).

(vi) The responding party must include any information relevant to its response in its correspondingly numbered paragraph, with specific citations to the record. However, if the responding party has additional facts that are not **directly relevant** to its response, it must identify such facts in consecutively numbered paragraphs **at the end** of its responsive statement of facts. **If additional factual allegations are made, the opponent must file a responsive statement of its own**.

13. **MOTIONS FOR RECONSIDERATION.** Motions for reconsideration of prior rulings are strongly discouraged. Such motions shall be filed only when the requirements of Federal Rules of Civil Procedure 54(b), 59(e), and/or 60(b) are met. If such a motion is filed, it **shall not exceed ten (10) pages in length**. Moreover, the Court will not entertain: (a) motions which simply reassert arguments previously raised and rejected by the Court; or (b) arguments which should have been previously raised, but are being raised for the first time. *See Nat'l Trust for Historic Pres. v. Dep't of State*, 834 F. Supp. 453, 455 (D.D.C. 1995) (HHG), *aff'd in part and rev'd in part on other grounds sub nom.*, *Sheridan Kalorama Hist. Ass'n v. Christopher*, 49 F.3d 750 (D.C. Cir. 1995); *United States ex rel. Landis v. Tailwind Sports Corp.*, 167 F. Supp. 3d 80, 82 (D.D.C. 2016) (CRC). Motions not in compliance with these instructions may be stricken.

14. **SETTLEMENT.** The parties are expected to evaluate their respective cases for purposes of settlement. The Court encourages the use of alternative dispute resolution—*e.g.*, mediation or neutral case evaluation. The use of these methods is available at any time, as is a referral for a settlement conference before a magistrate judge or through the United States District Court Mediation Program. *See* LCvR 84. If counsel are interested in pursuing these options, they may contact Chambers at any time. If the case settles in whole or in part, counsel shall **promptly** advise the Court.

**SO ORDERED.**

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge