**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **LESTER BLOUNT,**<br><br>***Plaintiff,***<br><br>**v.**<br><br>**CONSTELLIS, LLC,**<br><br>***Defendant.*** | **Case No. 1:25-cv-3383 (CKK)** |

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OUT OF TIME**

Plaintiff Lester Blount ("Plaintiff") failed to timely oppose Defendant Constellis, LLC's ("Constellis") Motion to Dismiss (ECF No. 3) in violation of LCvR 7(b) and the Order Establishing Procedures for Civil Cases Assigned to Judge Kollar-Kotelly (the "Standing Order") (ECF No. 6). More than a month after Plaintiff's opposition deadline expired, Plaintiff asks the Court to excuse that failure, asserting only that his counsel did not receive the CM/ECF notice of the filing. *See* ECF No. 11 (the "Motion"). This bare assertion neither complies with the Local Civil Rules ("LCvR") nor satisfies the stringent standard of "excusable neglect" under Federal Rule of Civil Procedure ("FRCP") 6(b)(1)(B). Indeed, under applicable precedent, Plaintiff's excuse amounts to "nothing but an updated version of the classic 'my dog ate my homework' line." *Fox v. Am. Airlines, Inc.*, 389 F.3d 1291, 1294 (D.C. Cir. 2004) (affirming dismissal where, as here, the plaintiff failed to oppose the defendant's motion to dismiss because the plaintiff's counsel allegedly never received the CM/ECF email notice).

Plaintiff's excuse also strains credulity. Constellis sent by first-class mail the Motion to Dismiss to Plaintiff's counsel on September 24, 2025—the same day Constellis filed it. In the

days and weeks that followed, Constellis' counsel corresponded with Plaintiff's counsel about this matter. This Court also entered various orders and notices for which Plaintiff's counsel received CM/ECF notices. Plaintiff's counsel, however, apparently failed to check the docket even once in the two months after Constellis removed this case. This failure is inexcusable.

This Court routinely denies out-of-time filings absent a particularized, fact-supported showing of "excusable neglect." Plaintiff's Motion does not meet that standard. Constellis therefore respectfully requests the Court deny Plaintiff's motion to file his untimely opposition and treat Constellis' Motion to Dismiss as unopposed, consistent with LCvR 7(b), the Court's Standing Order, and applicable precedent.

## BACKGROUND

On September 24, 2025, Constellis removed this action and contemporaneously filed its Motion to Dismiss, supporting memorandum of law, civil cover sheet, and corporate disclosure statement. *See* ECF Nos. 1-3. Constellis served all these filings together "via CM/ECF Notice of Electronic Filing and first-class mail, postage prepaid" on Plaintiff's counsel at his office, using the address he supplied with his initial filing. *See id.* The next day, the Clerk issued a Notice to Counsel emphasizing compliance with the LCvR and entry of appearances, for which Plaintiff's counsel should have received CM/ECF notice. *See* ECF No. 4.

On October 1, 2025, the Court issued its Standing Order, which expressly cautioned:

> **Where a party fails to file a memorandum of points and authorities in opposition to a given motion, the Court may treat the motion as conceded**, except with respect to motions for summary judgment. *See* LCvR 7(b); *Winston & Strawn, LLP v. McLean*, 843 F.3d 503, 505–08 (D.C. Cir. 2016) (citing Fed. R. Civ. P. 56(e)(3)). Similarly, where a party fails to respond to arguments in opposition papers, the Court may treat those specific arguments as conceded. *See Phrasavang v. Deutsche Bank*, 656 F. Supp. 2d 196, 201 (D.D.C. 2009) (RMU).

*Id.* at 10(B) (emphasis in original). The Standing Order also warned that technical issues with CM/ECF "do not necessarily constitute 'good cause' or 'excusable neglect' justifying an extension of the applicable deadlines" under FRCP 6(b). *Id.* at 10(G). Furthermore, the Standing Order made clear that "service is complete upon electronic submission" and warned that "Counsel are responsible for monitoring their e-mail accounts." *Id.* at 4(E). Plaintiff's counsel should have received the CM/ECF notice for the Court's Standing Order.

On October 2, 2025, Constellis' counsel conferred by email with Plaintiff's counsel regarding two *pro hac vice* admissions to which Plaintiff's counsel consented. *See* ECF Nos. 7-8 (documenting the parties' conferral under LCvR 7(m)). Constellis filed the motions for admission the same day, which the Court granted on October 6, 2025. *See* ECF Nos. 7-8. Two days later, Constellis' counsel filed their Notices of Appearance. *See* ECF Nos. 9-10. Plaintiff's counsel should have received the CM/ECF notices for all these filings.

A review of the docket after any of these filings would have notified Plaintiff's counsel of Constellis' Motion to Dismiss—even if he did not receive it by first-class mail. Plaintiff's deadline to oppose Constellis' Motion to Dismiss expired on October 8, 2025. Plaintiff neither responded to the motion nor sought an extension before the deadline. Instead, Plaintiff waited until November 18, 2025, to seek leave to file an untimely opposition asserting only his counsel's alleged non-receipt of the CM/ECF notice as the basis for his request.

## ARGUMENT

### A. Plaintiff Cannot Show "Excusable Neglect" for Missing His Deadline to Oppose Constellis' Motion to Dismiss

FRCP 6(b) provides that a "court may, for good cause, extend the time . . . on motion after the time has expired if the party failed to act because of excusable neglect." To establish "excusable neglect," the movant must "state with particularity the grounds" for the motion and

"allege the facts constituting excusable neglect." *Inst. For Policy Studies v. CIA*, 246 F.R.D. 380, 383 (D.D.C. 2007). "[T]he mere assertion of excusable neglect unsupported by facts [is] insufficient." *Id.*

"Excusable neglect" is a demanding equitable standard. In considering whether the movant has shown excusable neglect, the moving party's "fault in the delay [is] perhaps the most important single factor," while the prejudice to the defendant is of relatively little importance. *Webster v. Pacesetter, Inc.*, 270 F. Supp. 2d 9, 14 (D.D.C. 2003) (internal quotations omitted). Plaintiff cannot show excusable neglect. To the contrary, his failure to comply with a well-established deadline is inexcusable.

First, Plaintiff's generalized assertion that his counsel did not receive the CM/ECF notice for Constellis' Motion to Dismiss is insufficient to establish excusable neglect. *See, e.g.*, *Fox*, 389 F.3d at 1294; *Johnson v. Nat'l R.R. Passenger Corp.*, 2008 WL 11396762, at *1 (D.D.C. Apr. 1, 2008) (denying leave to file out-of-time opposition where the plaintiff's "counsel stated that he did not learn of Defendant's Motion to Dismiss until nearly a month after the deadline for an opposition had passed because of technical problems at his law firm in receiving electronic docketing notifications.").

Moreover, Plaintiff's counsel could have—and in fact should have—known of the Motion to Dismiss regardless of the CM/ECF notice. To ensure Plaintiff received notice, Constellis served its motion by both CM/ECF and first-class mail. Although Plaintiff contends that his counsel did not receive the CM/ECF notice, his Motion is silent on Constellis' other method of service. Counsel's bare assertion of non-receipt of the CM/ECF notice does not rebut service by mail.

Nor does it excuse counsel's independent obligation to monitor the docket, particularly after removal. Plaintiff's counsel was well-aware that the case was pending in federal court with

multiple post-removal pleadings for which he received CM/ECF notices. *See, e.g.,* ECF Nos. 6-10. Plaintiff's counsel had an obligation to monitor the docket regardless of whether he received the CM/ECF notice for Constellis' Motion to Dismiss. *See Fox*, 389 F.3d at 1294 ("Regardless whether he received the e-mail notice, he remained obligated to monitor the court's docket."). His failure or refusal to do so does not establish excusable neglect. *See id.* (rejecting excuse that the plaintiff's counsel did not receive CM/ECF notice of the defendant's motion to dismiss because of a technical glitch and describing the excuse as "an updated version of the classic 'my dog ate my homework' line.").

Plaintiff's counsel had ample opportunity to review the docket and move to extend his deadline to oppose Constellis' Motion to Dismiss before that deadline expired. The delay in requesting leave weeks past the deadline does not reflect circumstances beyond counsel's control but a failure to monitor deadlines and prosecute this case. This Court routinely denies post-deadline requests for leave where, as here, counsel had ample time and notice but simply failed to act diligently. *See, e.g.*, *Johnson*, 2008 WL 11396762, at *1; *Vemuri*, 771 F. Supp. 2d at 29.

The lack of alleged prejudice to Constellis does not excuse non-compliance with the rules or save Plaintiff's Motion. Constellis, like all litigants, has a strong interest in having its motions timely heard and ruled upon. This Court likewise has a strong interest in docket control and efficient case management. *See Fox*, 389 F.3d at 1294. Allowing late filings after clear deadlines undermines those interests and unfairly imposes an additional burden on the parties and this Court. This Court consistently has rejected out-of-time filings in analogous circumstances. *See, e.g.*, *Johnson*, 2008 WL 11396762, at *1; *Vemuri*, 771 F. Supp. 2d at 29. The result here should be no different.

### B. The Court Should Treat Constellis' Motion to Dismiss as Unopposed and Dismiss Plaintiff's Claims

LCvR 7(b) is clear. It requires a party to file an opposition within fourteen days of service, absent a contrary order. *Id.* (mandating that "an opposing party ***shall*** serve and file" its opposition within fourteen days) (emphasis added). The consequences of failing to meet this requirement are equally clear. "If such a memorandum is not filed within the prescribed time, the Court may treat the motion as conceded." *See id.*

Plaintiff failed to oppose Constellis' Motion to Dismiss within the mandatory fourteen-day deadline. Nor did he move for an extension until well after the deadline expired. Plaintiff's late and unsupported Motion does not cure his failure to comply with the rules or face the consequences of that failure. "Where the district court relies on the absence of a response as a basis for treating the motion as conceded, [the D.C. Circuit] honor[s] its enforcement of the rule." *Twelve John Does v. District of Columbia*, 117 F.3d 571, 577, (D.C. Cir. 1997); *see also Fox*, 389 F.3d at 1294 (noting that this Court has never considered straightforward application of Rule 7(b) to be an abuse of discretion). Consistent with the Local Civil Rules and this Court's precedent, the Court should deny Plaintiff's Motion and enforce LCvR 7(b) to treat Constellis' Motion to Dismiss as conceded. *Id.*

## CONCLUSION

Plaintiff has not met his burden to show "excusable neglect" in failing to oppose Constellis' Motion to Dismiss. Given Plaintiff's failure, Constellis respectfully requests that the Court deny Plaintiff's Motion, treat Constellis' Motion to Dismiss as unopposed, and grant Constellis' Motion to Dismiss in full.

Dated: November 19, 2025

Respectfully submitted,

By: */s/ Richard J. Batzler*

Richard J. Batzler (D.C. Bar No. 90011085)
rbatzler@mcguirewoods.com
**McGuireWoods LLP**
1750 Tysons Blvd, Ste 1800
Tysons, VA 22102
Tel: (703) 712-5000
Fax: (703) 712-5050

Igor M. Babichenko
(*pro hac vice*)
ibabichenko@mcguirewoods.com
Daniel P. Peyton
(*pro hac vice*)
dppeyton@mcguirewoods.com
**McGuireWoods LLP**
Gateway Plaza
800 East Canal Street
Richmond, VA 23219
Tel: (804) 775-1000
Fax: (804) 775-1061

*Counsel for Defendant*