**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **LESTER BLOUNT,**<br><br>*Plaintiff,*<br><br>v.<br><br>**CONSTELLIS, LLC,**<br><br>*Defendant.* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **Case No. 1:25-cv-03383-CKK** |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OUT OF TIME**

Plaintiff Lester Blount ("Plaintiff" or "Mr. Blount"), by and through undersigned counsel, respectfully submits this Reply in support of his Motion for Leave ("Mtn for Leave") to File Opposition to Defendant's Motion to Dismiss Out of Time ("Def.'s Mtn").

As explained below and in the accompanying Affidavit of David A. Branch (Exhibit A), Plaintiff has shown excusable neglect under Federal Rule of Civil Procedure 6(b)(1)(B), and the equitable factors strongly favor permitting Plaintiff to file his opposition and resolving Defendant's Motion to Dismiss on the merits rather than by default.

**BACKGROUND**

Defendant removed this action from the Superior Court of the District of Columbia on September 24, 2025, and on the same day filed its Motion to Dismiss. According to Defendant's certificate of service, the Motion to Dismiss was served electronically through CM/ECF and by first-class mail. Id. Plaintiff's counsel, however, did not receive the CM/ECF email notice of the filing, and a thorough search of all associated email folders—including inbox, spam, and junk—confirmed that no such notice was ever received. Counsel also did not receive a hard copy of the Motion to Dismiss

by mail, despite Defendant's representation of mailing. These facts are attested to in the accompanying Declaration of David A. Branch (Ex. A).

Because counsel did not receive either form of service, the response deadline to Defendant's Motion to Dismiss was not calendared. Counsel continued litigating the matter following removal and received all other CM/ECF notifications in the case, including the Clerk's Notice to Counsel, the Court's Standing Order, and subsequent pro hac vice filings. Counsel first became aware that a Motion to Dismiss had been filed on November 18, 2025, during a routine review of the docket. Plaintiff immediately prioritized preparing and filing the Motion for Leave later that same day so that the Court could consider Plaintiff's opposition on the merits.

Plaintiff has prepared an opposition to the Motion to Dismiss and seeks only a brief extension so that the Court may consider both parties' arguments. The case is in its earliest posture following removal; no scheduling order has been issued; no discovery deadlines have been set; and the Court has not yet ruled on any dispositive motion. Allowing the late filing will not prejudice Defendant but denying it would result in dismissal with prejudice without any merits-based review.

## ARGUMENT

### I. Plaintiff Has Demonstrated Excusable Neglect Under Rule 6(b)(1)(B) and *Pioneer*

Defendant argued that Plaintiff's explanation—non-receipt of the CM/ECF notice—is a bare assertion that cannot constitute "excusable neglect" under Rule 6(b)(1)(B), especially where counsel allegedly failed to monitor the docket and where Defendant claims it also served the Motion to Dismiss by mail. (Def.'s Mtn at 1, 4). Defendant contended that the delay is entirely Plaintiff's fault and that prejudice to Defendant is irrelevant. (Def.'s Mtn at 5).

Under *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380 (1993), excusable neglect is an equitable concept, not a rigid one. The Supreme Court directs courts

to weigh four factors: (1) danger of prejudice; (2) length of delay and impact on the proceedings; (3) reason for the delay, and (4) good faith. Each factor favors Plaintiff and taken together, the factors below present exactly the type of modest, goof-faith lapse that Rule 6(b)(1)(B) exists to address.

**A. Reason for the delay: non-receipt of both electronic and mailed service**

Plaintiff's Motion for Leave explains that undersigned counsel did not receive CM/ECF notice of Defendant's Motion to Dismiss, and that a review of all relevant email folders—including spam and junk—revealed no such notice (Mtn for Leave at 1). The accompanying affidavit further attests that counsel also did not receive a hard copy mailing of the Motion to Dismiss, despite Defendant's certificate of service.

Counsel attests that: (1) he did not receive the CM/ECF email notice of the Motion to Dismiss; (2) he did not receive the purported first-class-mailed copy; (3) the response deadline therefore was never calendared; and (4) there is no reason why he would intentionally forgo filing an opposition—or at least a motion to extend time—if he had known of the filing.

This is not a case of strategic delay or disregard of Court rules; it is a case where service failed twice, and counsel's first notice of the Motion to Dismiss came only when he reviewed the docket on November 18, 2025 and immediately prioritized filing the Motion for Leave. In fact, Defendant elected to use first-class mail as a redundant service method; the failure of both methods underscores that this was a service breakdown, not a calendaring failure. That is precisely the sort of inadvertent, non-bad faith "neglect" that *Pioneer* recognizes can be "excusable."

**B. Good faith: immediate action upon discovery**

Once counsel discovered that a Motion to Dismiss had been filed, he acted the same day to file the Motion for Leave so that the Court could consider Plaintiff's opposition and decide the issues on the merits. There is no suggestion of gamesmanship, strategic delay, or repeated non-compliance. Under

*Pioneer*'s good-faith factor, this weighs heavily in Plaintiff's favor.

**C. Length of delay and impact: modest delay at an early stage**

Defendant filed its Motion to Dismiss on September 24, 2025, contemporaneously with removal. Plaintiff's opposition would have been due on October 8, 2025. Plaintiff moved for leave on November 18, 2025—approximately six weeks after the deadline.

Critically, the case is still in its early posture following removal and no scheduling order or discovery deadlines have been entered. The Court has not ruled on the Motion to Dismiss, and the only additional steps required of Defendant are to review Plaintiff's opposition and, if it chooses, file a reply—exactly what would have occurred in the ordinary course had service functioned properly.

Under *Pioneer*, where the delay is limited, the case is early, and the movant acts promptly once the problem is discovered, the length of delay and its impact on the proceedings do not justify the severe sanction of dismissal.

**D. Prejudice: Defendant faces no meaningful prejudice**

Defendant has already fully briefed its Motion to Dismiss. Allowing Plaintiff to file an opposition will not require new discovery, re-open prior proceedings, or upset any scheduling order. Defendant's only "prejudice" is losing a procedural windfall and having to litigate on the merits—a step the D.C. Circuit has repeatedly said is not the kind of prejudice that should drive dismissal.

Under *Pioneer*, the balance of prejudice favors Plaintiff, who would otherwise see his claims dismissed with prejudice without ever having his arguments heard.

**II. *Fox v. American Airlines* Is Factually Distinguishable and Does Not Mandate Denial of Leave**

Defendant relied heavily on *Fox v. American Airlines, Inc.,* 389 F.3d 1291 (D.C. Cir. 2004), arguing that a claim of non-receipt of CM/ECF notice is "nothing but an updated version of the classic 'my dog ate my homework' line" and cannot constitute excusable neglect. (Def.'s Mtn at 1). On that

basis, Defendant claims the Court must deny Plaintiff's Motion for Leave and treat the Motion to Dismiss as conceded. (Def.'s Mtn at 6).

*Fox* does not control this case, and Defendant overread it. This case presents a dual failure of service at the outset of litigation, supported by sworn facts—not a single unexplained electronic glitch late in the case, as in *Fox*. At most, *Fox* affirms one district court's exercise of discretion on a vastly different record; it does not strip this Court of its equitable discretion under *Pioneer* or under D.C. Circuit authority emphasizing decisions on the merits.

**A. Dual non-receipt of both electronic and mailed service**

In *Fox*, the issue was a claimed non-receipt of an electronic notice, and the D.C. Circuit stressed counsel's ongoing obligation to monitor the docket. Here, the record is materially different: Defendant claims service by CM/ECF, and first-class mail and Plaintiff's counsel attests that he received neither the CM/ECF notice nor the mailed copy (Ex. A).

This is not simply "I didn't read my email." It is a dual failure of service—electronic and physical—followed by immediate corrective action once the docket review revealed the filing. That is far more than the "bare assertion" rejected in *Fox*.

**B. Detailed sworn facts vs. bare assertion**

Defendant repeatedly characterized Plaintiff's explanation as "bare," but Plaintiff is supporting his Motion with a sworn affidavit (Ex. A) detailing: (1) the absence of any CM/ECF email in his inbox, spam, or junk folders; (2) the non-receipt of any mailed Motion to Dismiss; and (3) his lack of any rational motive to ignore a dispositive motion or fail to seek an extension if more time was needed (id).

*Fox* addressed a record where counsel's excuse was essentially: "I didn't see the email." That is not this case. Here, the Court has a detailed factual record to weigh under *Pioneer*.

### C. *Fox* recognizes discretion; it does not eliminate it

Even in *Fox*, the D.C. Circuit did not hold that dismissal is required whenever an opposition is late. Rather, it held that it was not an abuse of discretion on that record for the district court to treat the motion as conceded. That is very different from Defendant's suggestion that *Fox* strips this Court of discretion.

The D.C. Circuit's post-*Fox* cases—including *Yesudian, FG Hemisphere*, *Ahuruonye*, *Cohen*, *Payne*, *Smith*, and *Jackson*—emphasize that district courts retain broad discretion to excuse procedural missteps and favor adjudication on the merits. *Fox* must be read in harmony with that line of cases, not as a mandatory "death penalty" rule for any missed deadline.

### D. Equity and proportionality distinguish this case from *Fox*

In *Fox*, the district court applied LCvR 7(b) and dismissed. Here, Plaintiff seeks only a short extension at the outset of the case so he can file an opposition; Defendant will suffer no real prejudice; and Plaintiff faces dismissal with prejudice based on a single, promptly corrected mistake in service. Under *Pioneer* and the D.C. Circuit's merits-favoring precedent, this is precisely the kind of case where the Court's equitable discretion should be exercised in Plaintiff's favor rather than reflexively applying *Fox*.

## III. LCvR 7(b) Is Discretionary, and D.C. Circuit Authority Strongly Favors Decisions on the Merits

Defendant argued that because Plaintiff did not oppose the Motion to Dismiss by the October 8, 2025 deadline and only sought leave six weeks later, the Court should apply Local Civil Rule 7(b), treat the Motion to Dismiss as conceded, and grant dismissal with prejudice. (Def.'s Mtn at 3).

Local Civil Rule 7(b) is a powerful tool, but it is discretionary, not self-executing. Applying LCvR 7(b) to impose dismissal with prejudice here—before any scheduling order, discovery, or substantive activity—would be disproportionate to a single, promptly corrected service lapse. The D.C. Circuit

has repeatedly cautioned against using it mechanistically, particularly where the result is dismissal without consideration of the merits.

**A. *Yesudian*: courts should prefer decisions on the merits**

In *Yesudian ex rel. U.S. v. Howard Univ.*, 270 F.3d 969 (D.C. Cir. 2001), the D.C. Circuit reversed a district court that treated a motion as conceded under LCvR 7(b). The court emphasized that local rules must be applied in harmony with the Federal Rules and the broader policy favoring resolution on the merits. That principle applies with full force here: Plaintiff is ready to file his opposition, the case is in its earliest stage, and there is no serious prejudice to Defendant.

*Yesudian* confirms that Fox is not mandatory; it is one possible outcome, while *Yesudian* and its progeny expressly endorse a more flexible, merits-oriented approach.

**B. *FG Hemisphere*: no abuse in allowing late filings**

In *FG Hemisphere Assocs. v. Democratic Republic of Congo*, 447 F.3d 835 (D.C. Cir. 2006), the D.C. Circuit affirmed a district court's decision to allow a late filing and refuse to treat a motion as conceded, even though a deadline had been missed. That case demonstrates the other side of *Fox*: a court does not abuse its discretion by extending grace when equity supports it.

Here, the equities strongly support allowing Plaintiff's opposition: a single inadvertent lapse based on a dual service failure, immediate corrective action, no meaningful prejudice, and a dispositive motion that will otherwise be granted without adversarial briefing.

**C. *Ahuruonye* and *Cohen*: mechanical application of LCvR 7(b) is improper**

In *Ahuruonye v. U.S. Dep't of the Interior*, 797 F.3d 1 (D.C. Cir. 2015), and *Cohen v. Bd. of Trs. of Univ. of D.C.*, 819 F.3d 476 (D.C. Cir. 2016), the D.C. Circuit stressed that district courts abuse their discretion when they apply LCvR 7(b) mechanically, without considering fairness, context, and the availability of lesser sanctions.

Granting Defendant's proposed order would do exactly that: impose the harshest possible sanction—dismissal with prejudice—based on a single missed deadline caused by non-receipt of both electronic and mailed service, at the very beginning of the case, with no meaningful prejudice to Defendant. *Ahuruonye* and *Cohen* strongly counsel against such a rigid approach.

**D. *Smith*, *Payne*, and *Jackson*: proportionality and strong preference for merits**

In *Smith v. District of Columbia*, 430 F.3d 450 (D.C. Cir. 2005), and *Payne v. District of Columbia*, 859 F.3d 883 (D.C. Cir. 2017), the D.C. Circuit cautioned against using procedural defaults to impose severe sanctions where lesser remedies would suffice, emphasizing proportionality and careful exercise of discretion.

In *Jackson v. Beech*, 636 F.2d 831 (D.C. Cir. 1980), the court underscored the "strong judicial policy favoring adjudication on the merits." That policy is at its zenith where, as here, the plaintiff has prepared an opposition, seeks only a brief extension, and faces dismissal without any consideration of his claims.

Taken together, these cases support a simple proposition: even when a rule like LCvR 7(b) could be invoked, the Court should ask whether enforcing it to the point of dismissal is fair, proportional, and consistent with the strong preference for decisions on the merits. On this record, the answer is no.

**IV. The Equities and Governing Law Favor Granting Leave and Hearing the Motion to Dismiss on the Merits**

The governing framework confirms that this Court should exercise its discretion to permit Plaintiff's opposition. Under *Pioneer*, excusable neglect is an equitable concept, and each of the relevant considerations supports Plaintiff: the delay was modest, counsel acted immediately and in good faith upon discovering the Motion to Dismiss, Defendant faces no meaningful prejudice from merits-based briefing, and Plaintiff would suffer severe prejudice if his claims were dismissed due to a service failure outside his control (Ex. A). *Fox* does not compel dismissal here; it merely approved

one district court's discretionary decision on a materially different record and does not transform Local Civil Rule 7(b) into a mandatory sanction.

The D.C. Circuit's post-*Fox* decisions—including *Yesudian*, *FG Hemisphere*, *Ahuruonye*, *Cohen*, *Smith*, *Payne*, and *Jackson*—make clear that LCvR 7(b) grants broad discretion, that mechanical dismissals are disfavored, and that the courts in this Circuit maintain a strong policy preference for resolving disputes on the merits rather than through procedural defaults. Applying those principles, denying Plaintiff the opportunity to file an opposition and entering dismissal with prejudice would amount to imposing the litigation "death penalty" based on a single, promptly addressed procedural lapse. Nothing in the equitable framework governing excusable neglect requires such an outcome, and the weight of authority counsels decisively against it.

## CONCLUSION

For the foregoing reasons and those set forth in Plaintiff's Motion for Leave (Mtn for Leave at 1-2), Plaintiff respectfully requests that the Court: (1) grant Plaintiff's Motion for Leave to File Opposition to Defendant's Motion to Dismiss Out of Time; (2) deem Plaintiff's Opposition to Defendant's Motion to Dismiss timely filed as of the date of the Court's Order, or, in the alternative, permit Plaintiff to file his Opposition within seven (7) days of the Court's ruling; and (3) decline Defendant's request to dismiss the Complaint with prejudice based solely on a procedural default.

Respectfully submitted,

*/s/ David A. Branch*
David A. Branch (D.C. Bar No. 438764)
Law Office of David A. Branch & Associates, PLLC
1120 Connecticut Avenue, NW
Suite 500
Washington, D.C. 20036
Phone: (202) 785-2805
Email: davidbranch@dbranchlaw.com
*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 25th day of November 2025 the foregoing was served electronically via the Court's e-filing system on counsel for all parties.

Igor M. Babichenko
MCGUIRE WOODS LLP
800 East Canal Street
Richmond, VA 23116
804-775-1151
Fax: 804-775-1061
Email: ibabichenko@mcguirewoods.com
PRO HAC VICE

Daniel Philip Peyton
MCGUIRE WOODS LLP
Gateway Plaza
800 East Canal Street
Richmond, VA 23219
804-775-1228
Fax: 804-698-2198
Email: dppeyton@mcguirewoods.com
PRO HAC VICE

Richard J. Batzler
MCGUIRE WOODS LLP
1750 Tysons Boulevard
Suite 1800
Tysons, VA 22102
703-712-5323
Email: rbatzler@mcguirewoods.com

*/s/ David A. Branch*
David A. Branch, Esq.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **LESTER BLOUNT,**<br><br>*Plaintiff,*<br><br>v.<br><br>**CONSTELLIS, LLC,**<br><br>*Defendant.* | ) | **Civil Action No. 1:25-cv-03383-CKK** |

**[PROPOSED] ORDER**

Upon consideration of Plaintiff's Motion for Leave to File Opposition to Defendant's Motion to Dismiss Out of Time, the memorandum in support thereof, the reply, the accompanying Declaration of David A. Branch, and the entire record in this case, it is hereby:

**ORDERED** that Plaintiff's Motion for Leave is **GRANTED**; and it is further

**ORDERED** that Plaintiff's Opposition to Defendant's Motion to Dismiss shall be deemed **timely filed as of the date of this Order**; and it is further

**ORDERED** that, if the Opposition is not already on the docket, Plaintiff shall file the Opposition within **seven (7) days** of the date of this Order.

SO ORDERED.

Colleen Kollar-Kotelly
United States District Judge
Date: _________________