**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **LESTER BLOUNT,**<br><br>*Plaintiff,*<br><br>v.<br><br>**CONSTELLIS, LLC,**<br><br>*Defendant.* | **Case No. 1:25-cv-03383-CKK** |

**AFFIDAVIT OF DAVID A. BRANCH**

I, **David A. Branch**, being duly sworn, hereby state as follows:

1. I am an attorney licensed to practice law in the District of Columbia and am counsel of record for Plaintiff, Lester Blount, in the above-captioned matter.

2. I am the principal of the Law Office of David A. Branch & Associates, PLLC, located at 1120 Connecticut Avenue, NW, Suite 500, Washington, D.C. 20036.

3. I make this statement under oath in support of Plaintiff's Motion for Leave to File Opposition to Defendant's Motion to Dismiss Out of Time and Plaintiff's Reply in support thereof. I have personal knowledge of the facts set forth below, and, if called as a witness, I could and would testify competently to these facts.

4. My primary business email address for purposes of this case is davidbranch@dbranchlaw.com, and I am registered to receive CM/ECF notices from the United States District Court for the District of Columbia at that address.

5. My office uses the CM/ECF notifications we receive from the Court as a primary method of learning of new filings, and I review those notices and calendar deadlines arising from them.

6. In addition to relying on CM/ECF notices, our office maintains standard calendaring practices for all case deadlines, including deadlines for responding to motions, and we do not intentionally ignore or fail to respond to dispositive motions.

7. On September 24, 2025, Defendant removed this action to the United States District Court for the District of Columbia and filed a Motion to Dismiss on the same date. According to Defendant's certificate of service, the Motion to Dismiss was served electronically through CM/ECF and by first-class mail.

8. I did not receive a CM/ECF email notice regarding Defendant's Motion to Dismiss at my email address, davidbranch@dbranchlaw.com.

9. I became aware that a Motion to Dismiss on November 18, 2025. I personally searched my email account and confirmed that there was no CM/ECF notice or other email concerning the filing of the Motion to Dismiss in my inbox, spam folder, junk folder, trash folder, or any other folder associated with my account.

10. My office also did not receive a hard-copy of Defendant's Motion to Dismiss by first-class mail, despite the representation in the certificate of service that the Motion had been mailed to my office address.

11. Our office has regular mail-handling procedures in place, and mail is delivered to and processed at our office on a daily basis. If a hard copy of Defendant's Motion to Dismiss had been received, it would have been provided to me, and we would have calendared the response deadline and prepared an opposition or, if necessary, a motion for extension of time.

12. Because I did not receive either the CM/ECF email notice or a mailed copy of the Motion to Dismiss, the response deadline was never calendared in our office.

13. At no time before November 18, 2025 did I receive any notice—whether by email,

mail, or otherwise—that Defendant's Motion to Dismiss had been filed on September 24, 2025.

14. On November 18, 2025, during a routine review of the docket in this case, I first learned that Defendant had filed a Motion to Dismiss on September 24, 2025 and that the deadline for responding to that Motion had already passed.

15. As soon as I discovered that a Motion to Dismiss had been filed and that the response deadline had elapsed, I immediately prioritized preparing and filing Plaintiff's Motion for Leave to File Opposition to Defendant's Motion to Dismiss Out of Time that same day, so that Plaintiff could file an opposition and the Court could consider Defendant's Motion on the merits.

16. There is no reason why I would intentionally fail to file an opposition to a motion seeking dismissal of my client's complaint. If I had received notice of Defendant's Motion to Dismiss—either by CM/ECF email or by mail—I would have caused a timely opposition to be filed, or, if additional time were needed, I would have filed a timely motion for extension of time to respond.

17. At all times, I have acted in good faith in litigating this matter and in seeking leave to file Plaintiff's opposition after learning of the Motion to Dismiss. My failure to file an opposition by the original deadline was not the result of any intent to disregard the Court's rules or deadlines, but rather was the result of my non-receipt of both electronic and mailed service of the Motion to Dismiss.

18. Plaintiff has prepared an opposition to Defendant's Motion to Dismiss and is prepared to file it promptly upon the Court granting the Motion for Leave.

19. I understand my obligations under the Federal Rules of Civil Procedure, the Local Civil Rules of this Court, and the Court's Standing Order, and I respect those obligations. The failure to oppose the Motion to Dismiss by the original deadline was an inadvertent consequence

of a breakdown in service, not a deliberate or strategic choice.

20. I submit this affidavit so that the Court may have a full and accurate account of the circumstances surrounding the missed deadline and may exercise its equitable discretion under Federal Rule of Civil Procedure 6(b)(1)(B) and the applicable precedent.

21. I declare under penalty of perjury that the foregoing is true and correct.

Signature: ______________________ Dated: November 20, 2025

**David A. Branch**