**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **LESTER BLOUNT,** *Plaintiff,* v. **CONSTELLIS, LLC,** *Defendant.* | ) | **Case No. 1:25-cv-03383-CKK** |

**PLAINTIFF'S OPPOSITION TO DEFENDANT CONSTELLIS, LLC'S MOTION TO STRIKE PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR LEAVE**

Plaintiff Lester Blount ("Plaintiff"), by and through undersigned counsel, respectfully opposes Defendant Constellis, LLC's ("Defendant") Motion to Strike Plaintiff's Reply in Support of his Motion for Leave to File Opposition to Defendant's Motion to Dismiss Out of Time ("Reply")

**INTRODUCTION**

Defendant asks the Court to strike Plaintiff's Reply (and counsel's supporting declaration) on two grounds: (1) the Reply included a declaration addressing facts relevant to excusable neglect; and (2) the Reply included an erroneous citation to a case captioned "Payne v. District of Columbia, 859 F.3d 883 (D.C. Cir. 2017)." Striking an entire filing is an extraordinary remedy. Here, the requested relief is disproportionate—particularly where any concern can be cured with a simple, narrower approach: disregarding any portion the Court deems improper, permitting a short surreply, and/or allowing Plaintiff to file a corrected Reply that removes the erroneous citation.

Plaintiff does not contest that the citation "Payne v. District of Columbia, 859 F.3d 883 (D.C.

Cir. 2017)" was incorrect. Plaintiff withdraws that citation and apologizes for the error. But a single mistaken citation does not warrant striking the Reply in full or depriving the Court of a complete record on the underlying motion for leave.

## ARGUMENT

### I. Defendant Has Not Shown That Striking the Reply Is Warranted.

Defendant relies on the Court's inherent authority to manage its docket and strike improvident filings. See [Insert supporting citation]. But inherent authority is discretionary and should be exercised proportionately. Even where a court declines to consider material presented for the first time in a reply, the usual remedy is to disregard the material (or allow a limited surreply), not to strike the entire filing.

### II. The Declaration Attached to Plaintiff's Reply Was a Narrow Response to Defendant's Opposition and Can Be Addressed Without Striking the Reply.

Defendant argues that Plaintiff's Reply improperly includes an affidavit with new substantive matters. But the Reply was filed in support of a motion for leave based on excusable neglect. The reason for the delay and counsel's non-receipt of service are central factual issues. Defendant attacked Plaintiff's explanation as a bare assertion and argued counsel failed to substantiate non-receipt. In that posture, a declaration supplying factual support is directly responsive to Defendant's arguments and assists the Court in evaluating the equitable factors governing excusable neglect.

Defendant cites Patterson v. Johnson, 391 F. Supp. 2d 140, 142 n.1 (D.D.C. 2005), aff'd, 505 F.3d 1296 (D.C. Cir. 2007), for the proposition that courts generally will not entertain "newly

proffered evidence attached to a reply brief." Plaintiff does not dispute the general principle. But Patterson supports, at most, a limited remedy: the Court may decline to consider any portion of the declaration it believes goes beyond proper reply material. It does not compel the far broader relief Defendant seeks—striking the Reply in full.

If the Court has concern about fairness or surprise, the appropriate cure is less drastic than striking: the Court may (1) disregard any portion of the declaration it deems outside the proper scope, and/or (2) permit Defendant to file a short surreply limited to the declaration. Either approach fully addresses Defendant's stated prejudice while preserving a record that allows the Court to decide the underlying motion on a complete and accurate presentation.

## III. The Erroneous "Payne" Citation Does Not Justify Striking the Reply; the Proper Remedy Is Withdrawal and Correction.

Defendant's second ground is that Plaintiff's Reply cited "Payne v. District of Columbia, 859 F.3d 883 (D.C. Cir. 2017)," which Defendant contends does not exist. Plaintiff agrees that the citation was incorrect and hereby withdraws it.

As Defendant notes, 859 F.3d 883 is not a D.C. Circuit decision captioned Payne v. District of Columbia with the citation listed. The proposition for the citied case was enunciated in Cohen v. Bd. Of Trs. Of the Univ. of the D.C., 819 F.3d 476 (D.C. Cir. 2016). The incorrect citation was an error. Plaintiff did not intend to mislead the Court or opposing counsel, and Plaintiff respectfully submits that the Court can address the issue through a tailored remedy—correction—rather than the extreme sanction of striking the entire Reply.

Defendant cites Williams v. Cap. One Bank, N.A., No. 24-2032 (RC), 2025 U.S. Dist. LEXIS 49256, at *21 (D.D.C. Mar. 18, 2025), and Morgan v. Cmty. Against Violence, No.

23-cv-353-WPJ/JMR, 2023 U.S. Dist. LEXIS 190181 (D.N.M. Oct. 23, 2023), for the uncontroversial proposition that parties should not submit filings containing nonexistent authority. Plaintiff agrees. But the existence of that principle does not dictate the particular remedy here. This Court may use a proportionate approach: allow Plaintiff to file a corrected Reply removing the erroneous citation (and any argument dependent on it), and proceed to decide the underlying motion on the merits of the properly supported record.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court DENY Defendant's Motion to Strike. In the alternative, Plaintiff respectfully requests that the Court adopt a narrower remedy—such as disregarding any improper portions of the declaration, allowing a limited surreply, and/or permitting Plaintiff to file a corrected Reply removing the erroneous citation.

Date: January 2, 2026

Respectfully submitted,

*/s/ David A. Branch*
David A. Branch (D.C. Bar No. 438764)
Law Office of David A. Branch & Associates, PLLC
1120 Connecticut Avenue, NW, Suite 500
Washington, D.C. 20036
Phone: (202) 785-2805
Email: davidbranch@dbranchlaw.com
*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify this 2nd day of January 2026, that a copy of the foregoing was served on the Defendant and parties listed below:

Richard J. Batzler (D.C. Bar No. 90011085)
rbatzler@mcguirewoods.com
McGuireWoods LLP
1750 Tysons Blvd, Ste 1800
Tysons, VA 22102
Tel: (703) 712-5323
Fax: (703) 712-5050
Igor M. Babichenko
(pro hac vice)
ibabichenko@mcguirewoods.com
Daniel P. Peyton
(pro hac vice)
dppeyton@mcguirewoods.com
McGuireWoods LLP
Gateway Plaza
800 East Canal Street
Richmond, VA 23219
Tel: (804) 775-1000
Fax: (804) 775-1061

*Counsel for Defendant.*

*/s/ David A. Branch*
David A. Branch

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **LESTER BLOUNT,**<br><br>*Plaintiff,*<br><br>v.<br><br>**CONSTELLIS, LLC,**<br><br>*Defendant.* | ) | **Civil Action No. 1:25-cv-03383-CKK** |

**[PROPOSED] ORDER**

Upon consideration of Defendant Constellis, LLC's Motion to Strike Plaintiff's Reply in Support of His Motion for Leave to File Opposition Out of Time, the Opposition thereto, and the entire record herein, it is hereby

ORDERED that Defendant's Motion to Strike is DENIED; and it is further

ORDERED that Plaintiff may file a corrected Reply within three (3) days of this Order, removing the erroneous citation identified by Defendant, and the Court will consider the corrected Reply in deciding Plaintiff's Motion for Leave; and it is further

ORDERED that, if Defendant believes a response is necessary to the corrected Reply and/or any declaration attached thereto, Defendant may file a surreply limited to those issues within three (3) days after the corrected Reply is filed.

**SO ORDERED.**

________________________
Colleen Kollar-Kotelly
United States District Judge

Date: _________________