UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LESTER BLOUNT,<br>Plaintiff,<br>v.<br>CONSTELLIS, LLC.,<br>Defendant. | Civil Action No. 25-3383 (CKK) |

**MEMORANDUM OPINION AND ORDER**
(August 7, 2026)

On September 24, 2025, this civil action alleging racial discrimination was removed from the Superior Court of the District of Columbia, and the Notice of Removal and Complaint were docketed in this Court. On that same day, Defendant docketed its [3] Motion to Dismiss Plaintiff's Complaint. Pending before this Court is Plaintiff Lester Blount's [11] Motion for Leave to File an Opposition to Defendant's Motion to Dismiss Out of Time ("Pl's Mot. for Leave to File"), which was filed on November 18, 2025, and which is opposed by Defendant. Also pending before this Court is Defendant's [14] Motion to Strike Plaintiff's Reply to its Opposition to Plaintiff's Motion for Leave to File ("Def.'s Mot. to Strike"). Both motions are fully briefed and ripe for resolution by this Court.

1. Plaintiff's Counsel Did Not Receive Notice of the Motion to Dismiss through the Electronic Case Filing ("ECF") System

In his Motion for Leave to File, Plaintiff Lester Blount ("Plaintiff"), through counsel, indicates that "[a]lthough the Motion to Dismiss was docketed on the Court's CM/ECF system, undersigned counsel did not receive the CM/ECF notice of the filing in his email, and there is no record of the notice having been received in any inbox, spam folder, or junk folder associated with counsel's accounts." Pl.'s Mot. for Leave to File, ECF No. 11, at 1. Furthermore, "[b]ecause

counsel did not receive notice that the Motion to Dismiss had been filed, the response deadline was not calendared, and the failure to file an opposition by the original due date was the result of excusable neglect rather than any intent to disregard the Court's rules or deadlines." *Id.* Counsel asserts that he "first became aware that the Motion to Dismiss had been filed" on November 18, 2025, during a review of the case docket, and he filed the instant Motion for Leave to File on that date. *Id.*

Defendant Constellis, LLC ("Defendant") contests Plaintiff's request to late file an opposition to its motion to dismiss on grounds that counsel's "bare assertion" that he did not receive a copy of the motion does not comply with the Local Civil Rules nor "satisfy[y] the stringent standard of 'excusable neglect' under Federal Rule of Civil Procedure ("FRCP") 6(b)(1)(B)" and it "strains credulity." Def.'s Opp'n, ECF No. 12, at 1. In this case, however, the Court need not rely solely on counsel's "bare assertion," as the Court has confirmed (by checking the receipt function on the docket) that on September 24, 2025, Defendant's Motion to Dismiss was emailed <u>only</u> to Defendant's counsel. It was <u>not sent</u> to Plaintiff's counsel through the ECF system nor was a copy otherwise provided by the Court to Plaintiff's counsel.[1]

2. Plaintiff Claims His Counsel Did Not Receive Notice by Mail

Defendant asserts further that it "sent by first-class mail the Motion to Dismiss to Plaintiff's counsel on September 24, 2025."[2] Def.'s Opp'n to Mot. for Leave to File, ECF No. 12, at 2; *see* Certificate of Service on Motion to Dismiss (noting that it a copy was being sent by mail). In his Reply, however, Plaintiff asserts that his counsel "did not receive a hard copy of the Motion to

---

[1] The case was assigned to the undersigned on the following day, September 25, 2025.

[2] Defendant's counsel asserts also that counsel corresponded with Plaintiff's counsel "about this matter" in the weeks that followed. *Id.* at 2. But Defendant explains subsequently that counsel conferred by email with Plaintiff's counsel about <u>two *pro hac vice* admissions</u>. *Id.* at 3 (emphasis added). Defendant does not indicate that the motion to dismiss was discussed.

Dismiss by mail, despite Defendant's representation of mailing." Def.'s Reply to Pl.'s Opp'n, ECF No. 13, at 1-2. In this case, Defendant's counsel provides no additional information that verifies that the mailing or delivery was completed. Prior to determining whether Plaintiff's Motion to Late File meets the standard for excusable neglect, the Court detours to address Defendant's [14] Motion to Strike Plaintiff's Reply to the Motion to Late File.

3. Defendant's Motion to Strike the Reply and Accompanying Affidavit is Overly Broad and Unwarranted

Defendant's Motion to Strike is based on grounds that Plaintiff's Reply: (1) "improperly includes an affidavit [by counsel] that sets out new substantive matters not included in Defendant's Opposition brief"; and (2) "includes a fabricated citation"[3] to the *Payne* case that "calls into question the veracity of the legal propositions contained in the Reply." Def.'s Motion to Strike, ECF No. 14-1 [Mem.], at 3. In response, Plaintiff asserts, first, that his counsel's Affidavit was filed with the Reply because, in its Opposition, "Defendant attacked Plaintiff's explanation [for not responding to the motion to dismiss] as a bare assertion and argued [that] counsel failed to substantiate non-receipt." Pl's Opp'n to Mot. to Strike, ECF No. 16, at 2. Second, Plaintiff apologizes for the erroneous *Payne* citation; he indicates that counsel "did not intend to mislead the Court or opposing counsel" and furthermore, he acknowledges that the citation (rather than the Reply) should be stricken.[4] *Id.* at 3. The Court agrees with Plaintiff that the erroneous *Payne*

[3] The Court reminds counsel that pursuant to the D.C. Bar Voluntary Standards for Civility in Professional Conduct – attached to the Local Rules of the United States District Court for the District of Columbia as Appendix A – counsel should refrain from "making unfounded accusations of impropriety or making ad hominem attacks on counsel, and, absent good cause, [counsel] will not attribute bad motives or improper conduct to other counsel."

[4] Plaintiff's counsel is cautioned to always check citations for accuracy prior to submitting documents to the Court and opposing counsel.

citation (which was not integral to Plaintiff's overall argument) does not warrant striking the entire Reply, but rather, any references to that case shall be stricken.

Regarding counsel's Affidavit, the Court notes that most of the information contained therein was addressed (sometimes verbatim) in Plaintiff's Motion for Leave and/or his subsequent Reply. The remaining portions of the Affidavit provide additional detail about counsel's office practices and his own work practices.[5] The Court finds no reason to strike the Affidavit because – in making its decision on the Motion for Leave to File Out of Time – the Court does not rely on any information in the Affidavit that was not already asserted by Plaintiff elsewhere in the record before this Court. Accordingly, having determined that Plaintiff's Reply need not be stricken (except for references to the *Payne* citation), and having already established that Plaintiff did not receive a copy of the motion to dismiss via ECF, the Court turns now to the issue of excusable neglect.

4. Plaintiff Meets the Standard for Excusable Neglect

Pursuant to this Court's Local Civil Rules, oppositions to motions must be filed "within 14 days of the date of service or at such other time as the Court may direct" and if "not filed within the prescribed time, the Court may treat the motion as conceded." LCvR 7(b). Federal Rule of Civil Procedure 6(b) provides that "[w]hen an act . . . must be done within a specified time, the court may, for good cause, extend the time: . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). In this case, Plaintiff has filed a motion to file his opposition out of time based on a proffer of excusable neglect.

---

[5] Defendant does not suggest that portions of the Affidavit should be stricken, but rather, Defendant asks the Court to strike the entire Affidavit.

Plaintiff cites *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380 (1998) for its discussion of the standard for excusable neglect. In *Pioneer*, the Supreme Court noted that the "determination of "what sorts of neglect will be considered 'excusable'" is "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omissions." *Id.* at 394. These relevant circumstances include "the danger of prejudice to [a party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* (citation omitted). The Court considers these four factors below.

a. Reason for the Delay – Non-Receipt of the Motion

As noted herein, Plaintiff did not receive the motion to dismiss via ECF, when it was filed. Plaintiff asserts further that he did not receive a copy of the motion via the mail, despite Defendant's certificate of service indicating that, as a secondary method of service, a copy of the motion was being mailed. Accordingly, as no copy was received, counsel indicates that the response date was not noted on his calendar. Counsel contends that "there is no reason why he would intentionally forego filing an opposition –or at least a motion to extend time – if he had known of the filing, " Pl.'s Mot. for Leave to File, ECF No. 13, at 3. The Court finds it feasible that Plaintiff did not receive a copy via mail as Defendant's law firm may not have followed up with mailing a copy of the motion or the mail could have been misdelivered or lost by the postal service.

But, even if counsel did not receive a copy via the mail, Defendant contends that Plaintiff's counsel should have checked the docket sooner and discovered the motion to dismiss. Defendant relies on *Fox v. Am. Airlines, Inc.*, 389 F.3d 1291, 1294, 1296 (D.C. Cir. 2004), where the D.C. Circuit affirmed dismissal where the plaintiff failed to oppose defendant's motion to dismiss

because plaintiff's counsel allegedly never received the CM/ECF email notice. In the *Fox* case, after the defendants moved to dismiss plaintiffs' initial complaint, plaintiffs filed their opposition to that motion to dismiss, but they also amended their complaint. Shortly thereafter, Defendants moved to dismiss the amended complaint, and this time, Plaintiffs did not file an opposition or otherwise respond. Plaintiffs' counsel claimed that he did not receive the amended complaint, but the court found that "despite their counsel's claimed ignorance, he should have known that a second motion lay pending" as he had an "independent obligation to monitor the court's docket," particularly as a "pending" motion to dismiss was "repeatedly referenced in the joint meet and confer statement." *Id.* at 1294. The D.C. Circuit found no abuse of discretion by the district court.

In the instant case, while counsel did not receive the motion to dismiss via ECF, and it is feasible that he did not receive a copy via the mail, Defendant contends that Plaintiff's counsel could and should have checked the docket sooner. The Court agrees that Defendant could have been more diligent in checking the docket at an earlier point to see if Defendant had filed its answer or otherwise responded to the complaint. Accordingly, upon consideration of the parties' arguments, the Court finds that the "reason for delay" factor stands in equipoise regarding a finding of excusable neglect.

b. Good Faith – Action Upon Discovery

Upon discovering that a motion to dismiss had been filed, on that "same day" counsel filed his Motion for Leave. Pl.'s Reply, ECF No. 13, at 3. Plaintiff contends, and this Court agrees that "[t]here is no suggestion of gamesmanship, strategic delay, or repeated noncompliance." *Id.*; *compare Cohen v. Bd. Of Trustees of the Univ. of the Dist. of Columbia*, 819 F.3d 476, 480 (D.C. Cir. 2016) (where the D.C. Circuit noted that the district court considered the four *Pioneer* factors, which were split, and gave "great deference" to the district court's Rule 6(b) decision to find no

excusable neglect where counsel had repeatedly missed deadlines and filed untimely motions to extend the time to respond). In the instant case, there is no pattern of delay and/or noncompliance, and the Court finds that this "good faith" factor weighs in favor of a finding of excusable neglect.

c. Length of Delay and Impact

In this case, the period of delay was about six weeks, as Plaintiff's opposition would have been due on October 3, 2025, and Plaintiff moved for leave to late file on November 18, 2025. The case was (and is still) in an early posture; there is no scheduling order, nor has the Court ruled on the motion to dismiss. Furthermore, Plaintiff has indicated that he can file his opposition quickly. Accordingly, this "length of delay and impact" factor weighs in favor of a finding of excusable neglect.

d. Prejudice to Defendant

Defendant's motion to dismiss is already briefed and Plaintiff's Motion for Leave requires only a rescheduling of deadlines pertaining to the response and the reply. Other than Defendant having to litigate its motion to dismiss on the merits (which is to be expected), there is no prejudice to Defendant. In fact, Defendant acknowledges the "lack of alleged prejudice" in this case but asserts that this does not excuse non-compliance. Def.'s Opp'n, ECF No. 12, at 5. As there is little to no prejudice to Defendant in this case, attributable to permitting a late filed opposition, the Court finds that this "prejudice" factor weighs in favor of a finding of excusable neglect.[6] *See generally Yesudian ex rel. United States v. Howard Univ.*, 270 F.3d 969, 971 (D.C. Cir. 2001) (affirming a deadline extension that was granted without a formal finding of excusable neglect when the court found no prejudice to the other side).

---

[6] Defendant comments generally that allowing late filings "imposes an additional burden" on the parties and the Court. Def.'s Opp'n, ECF No. 12, at 5.

Having found that the balance of the *Pioneer* factors [good faith, length of delay/impact, and prejudice] weigh in favor of Plaintiff and that the "reason for the delay" factor stands in equipoise, the Court finds that Plaintiff has satisfied the standard for excusable neglect. Accordingly, it is this 7th day of August, 2026, hereby

ORDERED that Plaintiff's [11] Motion for Leave to File Opposition to Defendant's Motion to Dismiss Out of Time is GRANTED. Plaintiff shall file its Opposition by no later than August 14, 2026, and Defendant shall file its Reply, if any, by no later than August 25, 2026, and it is further

ORDERED that Defendant's [14] Motion to Strike Plaintiff's Reply in Support of his Motion for Leave is GRANTED IN PART AND DENIED IN PART. Plaintiff's Reply and the Affidavit attached thereto shall remain on the docket, but all references to the *Payne* case cited by Plaintiff shall be stricken from Plaintiff's Reply.

Colleen Kollar-Kotelly

COLLEEN KOLLAR-KOTELLY
UNITED STATES DISTRICT JUDGE