**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **LESTER BLOUNT,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 1:25-cv-03383-CKK** |
| | ) | |
| **CONSTELLIS, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**PLAINTIFF'S SURREPLY REGARDING POSSIBLE TRANSFER TO THE EASTERN DISTRICT OF VIRGINIA**

Plaintiff Lester Blount ("Plaintiff" or "Mr. Blount"), by and through undersigned counsel, respectfully submits this Surreply pursuant to the Court's September 2, 2026 Minute Order and solely to address Defendant Constellis, LLC's ("Defendant" or "Constellis") newly presented alternative request to transfer this action to the United States District Court for the Eastern District of Virginia. Defendant's opening memorandum urged dismissal rather than transfer. Def.'s Mem. in Supp. of Mot. to Dismiss ("MTD"), ECF No. 3-1, at 9. In its Reply, however, Defendant requested, for the first time, transfer to the Eastern District of Virginia as an alternative to dismissal. Def.'s Reply in Supp. of Mot. to Dismiss ("Reply"), ECF No. 20, at 15 & n.8. The Court accordingly directed Plaintiff to state his position on that possible transfer. Minute Order (Sept. 2, 2026).

Plaintiff continues to maintain that this Court may exercise specific personal jurisdiction over Constellis and that Defendant's Motion to Dismiss should be denied. See Pl.'s Opp'n to Def.'s Mot. to Dismiss ("Opp'n"), ECF No. 19, at 5–12. Plaintiff does not, however, oppose the Eastern District of Virginia as the transferee forum if the Court determines that this action should not remain here. If the Court concludes that a jurisdictional obstacle prevents this action from remaining here, binding D.C. Circuit precedent favors transfer rather than termination of the action

and directs that merits defenses be left for the transferee court. See *Sinclair v. Kleindienst*, 711 F.2d 291, 293–94 & nn.1–2 (D.C. Cir. 1983).

## ARGUMENT

### I. Plaintiff's Conditional Consent to Transfer Does Not Concede Personal Jurisdiction or Improper Venue

Plaintiff does not re-brief the personal-jurisdiction question because the Court limited this Surreply to transfer. Plaintiff instead preserves and relies on the jurisdictional arguments and alternative request for jurisdictional discovery set forth in his Opposition. See Opp'n at 5–12, 23. The Complaint alleges that Constellis assigned Plaintiff background investigations to complete in the District of Columbia as part of the parties' ongoing contractual assignment relationship. Compl., ECF No. 1-1, ¶¶ 5–6, 12. Plaintiff's sworn declaration likewise states that he received and performed investigative assignments through Constellis, including assignments in the District of Columbia, and communicated with Constellis personnel about assignments, contract eligibility, workload, and continued work. Decl. of Lester Blount ("Blount Decl."), ECF No. 19, at 26–29 ¶¶ 3–5, 15–16. Plaintiff therefore continues to maintain that this Court may exercise specific personal jurisdiction or, at minimum, should permit targeted jurisdictional discovery before making a decision to transfer or dismiss the action. Opp'n at 5–12, 23.

Plaintiff likewise preserves his position that venue in this Court is proper following removal. Defendant removed this action from the Superior Court of the District of Columbia pursuant to 28 U.S.C. §§ 1331, 1441, and 1446. Notice of Removal, ECF No. 1, ¶¶ 1, 6–9. Defendant's Notice of Removal itself recognized that, "[f]or purposes of removal," this Court is the proper federal venue because it embraces the Superior Court of the District of Columbia. Id. ¶ 9. The Supreme Court has held that venue in a removed action is governed by § 1441(a), not the general venue statute. *Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 665–66 (1953). Plaintiff's

position on a transfer therefore is a fallback position responsive to the Court's Minute Order; it is not a concession that Defendant's Rule 12(b)(2) or Rule 12(b)(3) arguments are correct.

**II. Under 28 U.S.C. § 1404(a), jurisdiction is proper in the District of Columbia.**

Section 1404(a) authorizes transfer "[f]or the convenience of parties and witnesses, in the interest of justice" to a district where the action might have been brought or "to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). The Supreme Court has explained that § 1404(a) entrusts the transfer decision to the district court through an "individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)). Section 1404(a) applies where the transferor venue is proper; it permits a court to select a more appropriate federal forum without treating the original venue as defective. See *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 59 (2013).

In direct response to the Court's Minute Order, Plaintiff reasserts that jurisdiction is proper in this judicial district.

Plaintiff's performance of investigative work in the District of Columbia weighs against transferring this action merely because Defendant maintains its headquarters in Virginia. As set forth in the Complaint and Plaintiff's sworn declaration, Constellis assigned Plaintiff background investigations to perform in the District of Columbia as part of the parties' ongoing assignment relationship. Compl. ¶¶ 5–6, 12; Blount Decl. ¶¶ 3–5, 15–16. Plaintiff has also recently located a contemporaneous June 2023 Constellis/Omniplex communication to contract investigators concerning the DCSA contract, which corroborates the contract-investigator relationship through which Plaintiff received investigative assignments. See Ex. A. The communication is offered only as additional context relevant to the practical transfer analysis and the geographic scope of the parties' working relationship; Plaintiff does not ask the Court in this limited Surreply to decide

who initiated the September 2023 TransUnion inquiry or otherwise revisit the merits disputes raised in Defendant's Reply. In light of Plaintiff's D.C.-based investigative work, Defendant's Virginia headquarters does not, standing alone, warrant displacing Plaintiff's chosen forum. Nevertheless, if the Court determines that this action should not remain in the District of Columbia, Plaintiff does not oppose transfer to the Eastern District of Virginia as the alternative to dismissal.

## III. If the Court Finds Personal Jurisdiction Lacking, 28 U.S.C. § 1631 and Binding D.C. Circuit Authority Favor Transfer Rather Than Dismissal

Section 1631 provides the clean statutory mechanism if the Court concludes that personal jurisdiction is lacking. When a federal court finds a want of jurisdiction, the statute directs transfer, if the interest of justice so requires, to a court in which the action could have been brought when filed. 28 U.S.C. § 1631. The D.C. Circuit has addressed § 1631 in the context of a dismissal for lack of personal jurisdiction and explained that the statute permits transfer of an action over which the transferor court lacks jurisdiction to a court where the action could have been brought. *Hill v. U.S. Air Force*, 795 F.2d 1067, 1070 (D.C. Cir. 1986). Although *Hill* affirmed the district court's failure to transfer sua sponte because neither party had requested transfer and § 1631 speaks in terms of transferring an "action," rather than an isolated claim, those concerns are absent here: Defendant expressly requested transfer of this entire action to the Eastern District of Virginia, and Plaintiff conditionally consents to that forum. Reply at 15 & n.8.

This Court recently followed precisely that course in another employment-discrimination action. In *Juselis v. Arlington Mgmt. Emps. LLC*, No. 23-cv-349 (CKK), 2026 WL 622225 (D.D.C. Mar. 5, 2026), this Court concluded that it lacked personal jurisdiction over the defendants and denied jurisdictional discovery, but transferred the action to the District of Maryland under § 1631 rather than dismiss it. In finding transfer to be in the interest of justice, the Court relied on *Sinclair v. Kleindienst*, 711 F.2d 291, 294 (D.C. Cir. 1983), and emphasized that transfer would permit

adjudication on the merits while avoiding the time and expense of requiring the plaintiff to refile. *Juselis*, 2026 WL 622225. The same considerations apply with even greater force here because Defendant itself has identified the Eastern District of Virginia as the proposed transferee forum and Plaintiff opposes a transfer but does not oppose that forum if transfer becomes absolutely necessary.

Binding Circuit precedent independently reinforces that result. In *Sinclair*, the D.C. Circuit explained that after the district court determined it lacked personal jurisdiction, it could not properly proceed to adjudicate the merits; the remaining question was whether transfer should be ordered. 711 F.2d at 293 n.1. The court favored transfer because dismissal would terminate the action while transfer would preserve the defendants' ability to raise their defenses in the transferee court. *Id.* at 294 & n.2. Here, the proposed transferee forum also is one in which this action could have been brought: Defendant represents that Constellis is headquartered in Herndon, Virginia, Bolen Decl. ¶ 2, and Defendant itself asks that the case be transferred to the Eastern District of Virginia. Reply at 15 & n.8. If this Court finds personal jurisdiction lacking, § 1631 therefore supplies a direct path to transfer the entire action without reaching Defendant's Rule 12(b)(6) merits arguments.

Defendant's reliance on *Roman-Salgado v. Holder*, 730 F. Supp. 2d 126, 131 (D.D.C. 2010), Reply at 15 n.8, does not counsel a different result. *Roman-Salgado* involved a case filed in an improper venue under a claim-specific venue statute, and the court dismissed without prejudice after concluding that transfer would not materially advance the action. 730 F. Supp. 2d at 129–31. This case is materially different: venue in D.D.C. is proper following removal under § 1441(a), see *Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 665–66 (1953); and Defendant has affirmatively identified the Eastern District of Virginia as an appropriate alternative forum. Moreover, Defendant seeks dismissal with prejudice on the merits, whereas *Sinclair* instructs that

a court that has found personal jurisdiction lacking should not proceed to adjudicate those merits. 711 F.2d at 293 n.1.

### IV. If the Court Transfers the Action, Defendant's Rule 12(b)(6) Arguments Should Be Denied Without Prejudice to Renewal in the Transferee Court

If the Court determines that transfer is appropriate, Plaintiff respectfully requests that the Court transfer the action without deciding Defendant's alternative Rule 12(b)(6) request for dismissal with prejudice. If the Court first finds personal jurisdiction lacking, that result follows directly from *Sinclair*, which explains that a court lacking personal jurisdiction should not proceed to adjudicate the merits. 711 F.2d at 293 n.1. And even where transfer proceeds under § 1404(a), leaving merits issues to the court that will manage the litigation is a recognized and orderly course.

This Court has followed that precise procedural approach. In *Willis v. Chase Home Fin.*, this Court granted a § 1404(a) transfer to the Northern District of Texas and, because transfer was proper, declined to address the defendant's Rule 12(b)(6) arguments, denying the dismissal request without prejudice so it could be renewed in the transferee court. 923 F. Supp. 2d 89, 96 (D.D.C. 2013) (Kollar-Kotelly, J.). The same approach is appropriate here. If this action is transferred to the Eastern District of Virginia, Defendant can renew any merits arguments that remain available there, and Plaintiff can respond before the court that will thereafter supervise the case. See *Sinclair*, 711 F.2d at 294 n.2.

That approach also respects the limited scope of the September 2, 2026 Minute Order. The Court asked Plaintiff to address the possible transfer raised in Defendant's Reply and directed that this Surreply "shall be limited to addressing the transfer issue." Minute Order (Sept. 2, 2026). Plaintiff therefore does not reargue comparator allegations, but-for causation, the TransUnion inquiry, or the sufficiency of the § 1981 claim. Those matters are already addressed in the parties' briefs. MTD at 9–13; Opp'n at 14–22; Reply at 9–15. If the Court elects transfer, those merits issues should remain for orderly adjudication by the transferee court.

**CONCLUSION**

For the foregoing reasons, Plaintiff respectfully maintains that Defendant's Motion to Dismiss should be denied and that this action may remain in the District of Columbia. If the Court instead concludes that personal jurisdiction is lacking, Plaintiff respectfully requests transfer under 28 U.S.C. § 1631 rather than dismissal. In either event, Plaintiff further requests that Defendant's Rule 12(b)(6) arguments be denied without prejudice to renewal, if appropriate, before the transferee court.

Date: September 10, 2026

Respectfully submitted,

*/s/ David A. Branch*

_______________________________

David A. Branch, D.C. Bar No. 438764
Law Office of David A. Branch & Associates, PLLC
1120 Connecticut Avenue, NW, Suite 500
Washington, DC 20036
(202) 785-2805
davidbranch@dbranchlaw.com

*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 10, 2026, a true and correct copy of the foregoing Plaintiff's Surreply Regarding Possible Transfer to the Eastern District of Virginia was filed electronically through the Court's CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system, including:

Richard J. Batzler, Esq.
McGuireWoods LLP
1750 Tysons Blvd., Suite 1800
Tysons, VA 22102
rbatzler@mcguirewoods.com

Igor M. Babichenko, Esq. (pro hac vice)
ibabichenko@mcguirewoods.com

Daniel P. Peyton, Esq. (pro hac vice)
McGuireWoods LLP
Gateway Plaza
800 East Canal Street
Richmond, VA 23219
dppeyton@mcguirewoods.com

*/s/ David A. Branch*

David A. Branch