**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| LESTER BLOUNT,<br>Plaintiff,<br>v.<br>CONSTELLIS, LLC.,<br>Defendant. | Civil Action No. 25-3383 (CKK) |

**MEMORANDUM OPINION**
(September 18, 2026)

On September 24, 2025, this civil action alleging racial discrimination was removed from the Superior Court of the District of Columbia to the United States District Court for the District of Columbia, by Defendant Constellis, LLC ("Defendant"). *See* Notice of Removal, ECF No. 1. Pending before this Court is Defendant's [3] Motion to Dismiss Plaintiff's Complaint, which includes an alternative request to transfer venue to the Eastern District of Virginia – a request that is unopposed by Plaintiff Lester Blount ("Plaintiff"). Accordingly, for the reasons explained herein, the Court shall GRANT Defendant's request to transfer venue and DENY WITHOUT PREJUDICE the remainder of the Motion to Dismiss.

I. BACKGROUND

A. Factual History

Plaintiff Lester Blount is an African American male, who started working as a background investigations contractor for Defendant Constellis, Inc. in 2020. Complaint, ECF No. 1-1, ¶ 5. Defendant is a corporation based in Herndon, Virginia. *Id.* ¶ 4. Plaintiff resides in Florida, but at the time of the incidents alleged in the Complaint, he resided in Maryland. *Id.* ¶ 3. Plaintiff alleges that he was "assigned work in a racially discriminatory manner" and in his Complaint, he provides three examples: (1) he requested an assignment in Boca Raton, Florida, "an affluent white suburb,"

but was denied that assignment [¶ 7]; (2) his "white investigator counterparts would refuse to work in Homestead, Florida" (and other neighborhoods with "predominantly Black populations") and "these assignments would be offered to [him]" [¶ 9]; and (3) on about August 4, 2025, Plaintiff "applied for a contract investigator position opportunity in Miami, Florida" but he was denied that position [¶ 32]. Plaintiff alleges also, *inter alia*, that Defendant ran a credit check on him "without his knowledge, permission, and/or consent" and that he was asked to submit to an updated background "reinvestigation" while his "white counterparts were not subjected to this conduct." Complaint, ECF No. 1-1, ¶ 39.

B. Procedural History of Defendant's Motion to Dismiss and Request to Transfer Venue

Defendant's Motion to Dismiss is based on three grounds: (1) that this Court lacks personal jurisdiction over Defendant; (2) the District of Columbia is not an appropriate venue; and (3) Plaintiff fails to state a claim upon which relief can be granted. *See* Def.'s Stmt. of Pts. and Auth. in support of Mot. to Dismiss, ECF No. 3-1, at 1 (summarizing claims). Plaintiff was granted leave to file his [19] Opposition to the Motion to Dismiss out of time. *See* Mem. Op. and Order, ECF No. 17 (granting leave to late file). In his Opposition, Plaintiff argues that he has plausibly alleged intentional racial discrimination, and he challenges Defendant's allegations of lack of jurisdiction and/or suggests that this Court grant limited jurisdictional discovery. Plaintiff asserts also that venue may not be challenged because "once Defendant removed the action, venue in this Court followed by operation of §1441(a) regardless of whether §1391 would have authorized Plaintiff to commence the action as an original federal action." Pl.'s Opp'n, ECF No. 19, at 13; *see also* Notice of Removal, ECF No. 1, at 2-3 (noting that the United States District Court for the District of Columbia is the proper venue because the action was initially filed in the Superior Court for the District of Columbia, *see* 28 U.S.C. §§88, 1441(a), 1446(a)).

In its [20] Reply, Defendant continues to assert that the Complaint should be dismissed for lack of jurisdiction and failure to state a claim but concedes that "28 U.S.C. §1441(a) establishes proper venue after removal." Def.'s Reply, ECF No. 20, at 15 n.8. Defendant proposes also that "this matter be transferred to the Eastern District of Virginia" as "an alternative to dismissal." *Id.* Because Defendant's request to transfer venue was raised in Defendant's Reply, this Court asked that Plaintiff file a Surreply by September 10, 2026, indicating his position as to a possible transfer of venue to the Eastern District of Virginia. *See* September 2, 2026 Minute Order.

In his Surreply, Plaintiff asserts that while he continues to maintain that the Court may exercise personal jurisdiction over Defendant, and further that the Motion to Dismiss should be denied, he "does not, however, oppose the Eastern District of Virginia as the transferee forum if the Court determines that this action should not remain here." Pl.'s Surreply, ECF No. 21, at 1. The Court considers now the Defendant's request to transfer venue to the Eastern District of Virginia.

III. ANALYSIS

A. Legal Standard for Transfer pursuant to 28 U.S.C. §1404(a)

As previously noted herein, 28 U.S.C. §1441(a) establishes proper venue on removal; however, after removal, this Court retains the discretion to transfer the action to any other district court where it could have been brought "for the convenience of parties and witnesses, in the interest of justice[.]" 28 U.S.C. §1404(a). A transfer pursuant to §1404(a) permits a court to select a more appropriate federal forum without treating the original venue as defective. *See Atl. Marine Construction Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 59 (2013).

In a case from this District, where a removed §1981 action was transferred to Maryland

under Section 1404(a), the Honorable Ricardo M. Urbina noted that:

> Section 1404(a) vests "discretion in the district court to adjudicate motions to transfer according to [an] individualized case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 467 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)). Under this statute, the moving party bears the burden of establishing that transfer is proper. *Trout Unlimited v. Dep't of Agric.*, 944 F. Supp. 13, 16 (D.D.C. 1996).

*DeVaughn v. InPhonic, Inc.*, 403 F. Supp. 2d 68, 71 (D.D.C. 2005).

To justify transfer, the defendant must establish first that the plaintiff could have brought the action originally in the proposed transferee district. *Van Dusen*, 376 U.S. at 622. Second, the defendant must demonstrate that considerations of convenience and the interest of justice weigh in favor of transfer to another district. *Trout Unlimited*, 844 F. Supp. at 16. Regarding this showing, the statute requires that courts weigh several case-specific private and public interest factors. *Stewart Org.*, 487 U.S. at 29. The Court turns now to an analysis of those two requirements.

1. This Action Could Have been Brought in the Proposed Transferee District

In the instant case, Defendant indicates that "Constellis is a Delaware limited liability company . . . which has its headquarters in Herndon, Virginia," Def.'s Reply, ECF No. 20, at 2, and this "heavily favor[s] the Eastern District of Virginia as the appropriate venue." Id. at 15 n.8; see also 28 U.S.C. §1391(b) (in cases involving federal questions, a plaintiff may properly bring an action in a judicial district where a defendant resides). A corporate defendant is considered a resident in any judicial district in which it is subject to personal jurisdiction, 29 U.S.C. §1391(c), and personal jurisdiction exists in any court where a corporation purposely avails itself of the privilege of conducting business in the forum state. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985). Accordingly, this action could have been brought in the Eastern District of

Virginia based on Defendant being headquartered and doing business in Virginia. The Court turns now to the second requirement.

2. Private and Public Interest Factors Weigh in Favor of Transfer

In considering factors to be weighed by the Court, private interest factors include: (1) the plaintiff's choice of forum, unless the balance of convenience is strongly in favor of the defendant; (2) the defendant's choice of forum; (3) whether the claim arose elsewhere; (4) the convenience of the parties; (5) the convenience of the witnesses, but only to the extent that the witnesses may actually be unavailable for trial in one of the fora, and (6) the ease of access to sources of proof. *Trout Unlimited*, 944 F. Supp. at 16 (citing *Jumara v. State Farm Ins. Co.*, 55 F. 3d 873, 879 (3d Cir . 1995), *Heller Fin., Inc. v. Riverdale Auto Parts, Inc.*, 713 F. Supp. 1125, 1129 (N.D. Ill. 1989)). Public interest factors include: (1) the transferee's familiarity with the governing laws; (2) the relative congestion of the calendars of the potential transferee and transferor courts; and (3) the local interest in deciding local controversies at home. *Id.*

a. Private Factors

In this case, the Court notes that Plaintiff elected initially to bring this case in the District of Columbia, in Superior Court, and subsequently, Defendant requested that the case be removed to this federal court, and accordingly, venue exists. There is however an ongoing dispute among the parties as to whether this Court has jurisdiction. As summarized by Defendant:

> After conceding the lack of general jurisdiction, Plaintiff argues that this Court has specific personal jurisdiction over Constellis merely because he performed some investigations in the District of Columbia. (Opp'n (ECF No. 19) at 6-7; *see also* Compl. (ECF No. 1-1) ¶ 6 (alleging only that Plaintiff "was assigned background investigations to complete in the District of Columbia").) Plaintiff's argument is erroneous because he fails to allege that his §1981 claim arises out of any one of these supposed investigations or any other acts committed in the District of Columbia.

Def.'s Reply, ECF No. 20, at 2. Defendant asserts further that "Plaintiff has not alleged and cannot allege that any denial of assignments, reduction of assignments, credit inquiry, or other alleged adverse action occurred in the District of Columbia, was decided in the District of Columbia, or arose from his alleged assignments in the District of Columbia." *Id.* at 7; *see also* Complaint (describing alleged instances of racial discrimination pertaining to transactions in or involving Florida).

In acknowledgment of this dispute regarding jurisdiction, in his Opposition, Plaintiff suggests that this Court permit limited jurisdictional discovery about the credit inquiry and his contacts with the District of Columbia. Pl.'s Opp'n, ECF No. 19, at 6, 12. In its Reply, Defendant contests that Plaintiff has met the standard for jurisdictional discovery and proffers that such discovery is speculative, and Defendant proposes that this Court transfer venue to the Eastern District of Virginia in lieu of dismissal. Plaintiff does not oppose the Eastern District of Virginia as the transferee forum, asserting that "[i]f the Court concludes that a jurisdictional obstacle prevents this action from remaining here, binding D.C. Circuit precedent favors transfer rather than termination of the action and directs that merits defenses be left for the transferee court." Pl.'s Surreply, ECF No. 21, at 1-2, citing *Sinclair v. Kleindienst*, 711 F.2d 291, 293-294 & n. 1-2 (D.C. Cir. 1983).

In the instant case, the parties' connection to the District of Columbia is tenuous, at best. Defendant claims no connection with the District of Columbia, *see* Declaration of John Bolen, Vice President, Investigative Services Group for Constellis, LLC, ECF No. 3-2 (indicating also that Constellis has "never performed a background check or credit check on Mr. Blount"). In contrast, Plaintiff contends generally that he was assigned background investigation work in the District of Columbia, *see* Pl.'s Opp'n, ECF No. 19, at 26-31 [Blount Decl.], at 26 (alleging without

specifics that he was "assigned background investigations to complete in the District of Columbia"), at 28 (acknowledging that he does not "know which person or entity actually initiated the TransUnion inquiry" as part of a background investigation). While Plaintiff has requested permission to conduct jurisdictional discovery to flesh out his connections to the District and information about the credit inquiry, this request is opposed by Defendant. Furthermore, Defendant argues that even assuming *arguendo* that Plaintiff was assigned background investigations in the District, those investigations did not give rise to Plaintiff's Title VII claims and accordingly would not support jurisdiction. Alternatively, Defendant has proposed a transfer to the Eastern District of Virginia. While Plaintiff does not concede this this Court lacks jurisdiction, he does not oppose a transfer of venue to the Eastern District of Virginia. The Court notes that such transfer would negate the jurisdictional dispute, eliminate any alleged need for any jurisdictional discovery, and permit focus on the merits of his claim.

Considering some of the other private interest factors, the Court notes that the transferee forum will likely be more convenient for Defendant, which is headquartered in Herndon, Virginia, and it may provide slightly easier access to sources of proof. In this case, Plaintiff resides in Florida, and accordingly, litigating his case in Virginia – as opposed to the District – is not any less convenient, and in fact it may be more convenient if the jurisdictional dispute is resolved through the transfer of venue and litigation may be expedited. Accordingly, on balance, the Court finds that the private interest factors weigh in favor of a transfer of venue to the Eastern District of Virginia.

b. Public Interest Factors

Like the private interest factors, the public interest factors weigh in favor of a transfer of venue to the Eastern District of Virginia. First, as to the transferee court's familiarity with

governing laws, this Court notes that this case involves a claim of racial discrimination in violation of Title VII, with which both transferor and transferee courts are familiar and competent to resolve. Second, regarding "calendar congestion," this Court notes the transferee court's reputation for speedier resolution of civil cases, which would benefit both parties, and particularly Plaintiff, who resides in Florida. Furthermore, the case has not progressed beyond briefing on Defendant's motion to dismiss, which will be denied without prejudice so that Defendant may refile in the transferee court. *See, e.g. Willis v. Chase Home Finance*, 923 F. Supp. 2d 89, 96 (D.D.C. 2013) (Kollar-Kotelly, J.) (granting a Section 1404(a) transfer to the Northern District of Texas, declining to address the defendant's Rule 12(b)(6) arguments, and denying the dismissal request without prejudice so it could be renewed in the transferee court). Finally, the transferee court has more of a local interest in resolving a case involving a corporation that is headquartered and does business in Virginia. Accordingly, in sum, this Court concludes that considerations of convenience and the interest of justice weigh in favor of transfer of venue to the United States District Court for the Eastern District of Virginia. A separate Order accompanies this Opinion.

Colleen Kollar-Kotelly

COLLEEN KOLLAR-KOTELLY
UNITED STATES DISTRICT JUDGE